**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4094**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMAAL EUGENE EVANS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:15-cr-00057-H-1)

Argued: December 9, 2016          Decided: February 2, 2017

Before TRAXLER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by published opinion. Judge Keenan wrote the opinion, in which Judge Traxler and Judge Shedd joined.

**ARGUED**: Jennifer Claire Leisten, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Phillip Anthony Rubin, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF**: Thomas P. McNamara, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

BARBARA MILANO KEENAN, Circuit Judge:

In this appeal, we consider the familiar question whether a particular offense constitutes a "crime of violence" within the meaning of 18 U.S.C. § 924(c). Under the terms of Section 924(c), a person convicted of a qualifying crime of violence in which a firearm is discharged is subject to a consecutive, mandatory sentence of not less than 10 years' imprisonment. 18 U.S.C. § 924(c)(1)(A)(iii).

The crime that we presently examine is the federal offense of carjacking, in violation 18 U.S.C. § 2119 (the carjacking statute). The district court held that the defendant was subject to a consecutive term of imprisonment under Section 924(c), because his conviction under the carjacking statute was categorically a crime of violence. Upon our review, we agree with the district court that the carjacking statute qualifies as a crime of violence under Section 924(c), because the carjacking statute "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). Accordingly, we affirm the district court's judgment.

I.

In July 2013, defendant Jamaal Evans was a passenger in a car owned and driven by his friend, Amani Duke. During the

course of the outing, Evans asked Duke to drive into a vacant parking lot, purportedly to meet Evans' cousin. In the parking lot, Evans brandished a pistol, and ordered Duke out of the car. Evans attempted to steal Duke's wallet and shot Duke in each leg. Immediately thereafter, Evans drove away in Duke's car. After Evans departed, Duke crawled to a nearby road where he ultimately received assistance, and was transported to a hospital for emergency medical treatment.

A federal grand jury charged Evans with carjacking resulting in serious bodily injury, in violation of 18 U.S.C. § 2119(2), and using a firearm during and in relation to a carjacking, a crime of violence, in violation of Section 924(c)(1)(A). The indictment also included two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(b), and two counts of using a firearm during and in relation to Hobbs Act robbery, in violation of Section 924(c)(1)(A).

Evans filed a motion to dismiss under Federal Rule of Criminal Procedure 12(b)(3)(B), arguing that the three counts in the indictment alleging violations of Section 924(c)(1)(A) did not state an offense because neither Hobbs Act robbery nor the carjacking statute qualified as "crimes of violence" within the meaning of Section 924(c). After a hearing, the district court denied the motion, ruling that Hobbs Act robbery and federal

carjacking both categorically qualified as crimes of violence for purposes of Section 924(c).

After the district court denied Evans' motion to dismiss, Evans and the government entered into a plea agreement. Evans agreed to plead guilty to one count of Hobbs Act robbery, one count under the carjacking statute, and one count of discharging a firearm during a carjacking, in exchange for the government dismissing the other three counts. The plea agreement also preserved Evans' right to appeal the district court's ruling that the federal offense of carjacking qualified as a crime of violence under Section 924(c).

The district court accepted Evans' guilty plea, and sentenced him to serve concurrent sentences of 96 months' imprisonment on the robbery and carjacking counts, and 120 months' imprisonment under Section 924(c), to run consecutively with the other two offenses, for a total term of 216 months' imprisonment. Evans now appeals from the district court's judgment solely with respect to his conviction and sentence imposed under Section 924(c).[1]

------

[1] Evans does not appeal his convictions or sentences for the Hobbs Act robbery and the carjacking offenses.

II.

Although Evans was convicted under subsection (2) of the carjacking statute because he caused bodily injury to Duke, we consider on appeal the more general offense described in the carjacking statute that does not require conduct resulting in serious bodily injury. See 18 U.S.C. § 2119(1). If that lesser-included crime qualifies as a crime of violence within the meaning of Section 924(c), then the aggravated offense under subsection (2) of the carjacking statute necessarily also qualifies as a crime of violence. See United States v. McNeal, 818 F.3d 141, 157 (4th Cir. 2016). Thus, the sole issue that we consider here is whether carjacking punishable under Section 2119(1) qualifies as a crime of violence within the meaning of Section 924(c). To make that determination, we examine the definition of crime of violence set forth in Section 924(c)(3), and compare that definition to the elements of the carjacking statute.

A.

Section 924(c) prescribes criminal penalties for anyone who discharges a firearm "during and in relation to any crime of violence." 18 U.S.C. § 924(c)(1)(A)(iii). The determination whether a particular criminal offense qualifies as a crime of violence under Section 924(c) presents a legal question, which we review de novo. McNeal, 818 F.3d at 151.

5

Section 924(c)(3) defines "crime of violence" as any felony that either:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Thus, we look first to the language of subparagraph (A), commonly known as the "force clause," to consider whether a conviction under the carjacking statute qualifies as a crime of violence under that portion of the statutory definition.[2] See United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015).

As used in subparagraph (A), the statutory phrase "physical force" requires the use of "violent force," which necessarily "connotes a substantial degree of force." See Johnson v. United States, 559 U.S. 133, 140 (2010) (interpreting the definition of "violent felony" in the force clause of the Armed Career Criminal Act (ACCA)); Leocal v. Ashcroft, 543 U.S. 1, 11 (2004) (interpreting the definition of crime of violence in 18 U.S.C. § 16 as suggesting "a category of violent, active crimes"). In

_____

[2] Because we hold that federal carjacking qualifies as a crime of violence under the force clause, we need not decide in this case whether subparagraph (B) remains valid in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

6

order to qualify as "violent physical force," the degree of force employed must be "capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140; see also United States v. Gardner, 823 F.3d 793, 803 (4th Cir. 2016).

Because the force clause of Section 924(c)(3) encompasses only crimes that have "as an element the use, attempted use, or threatened use of physical force," 18 U.S.C. § 924(c)(3)(A) (emphasis added), we apply the elements-based categorical approach articulated by the Supreme Court to decide whether the carjacking statute satisfies this statutory definition. See Descamps v. United States, 133 S. Ct. 2276, 2283 (2013). Under the categorical approach, we analyze only the elements of the offense in question, rather than the specific means by which the defendant committed the crime. United States v. Price, 777 F.3d 700, 704–05 (4th Cir. 2015). Accordingly, we must determine whether crimes committed under the carjacking statute necessarily require the use, attempted use, or threatened use of violent physical force. See 18 U.S.C. § 924(c)(3)(A); Gardner, 823 F.3d at 803.

B.

We turn to consider the language of the carjacking statute, which provides that:

> Whoever, with the intent to cause death or serious bodily harm[,] takes a motor vehicle that has been transported, shipped, or received in interstate or

7

foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so, shall—

> (1) be fined under this title or imprisoned not more than 15 years, or both,

> (2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both, and

> (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both, or sentenced to death.[3]

18 U.S.C. § 2119.

Evans contends that because this offense can be committed "by intimidation," the offense does not necessarily include as an element "the use, attempted use, or threatened use of force" required by Section 924(c)(3). Evans argues that the term "intimidation" commonly is defined as "putting in fear of bodily harm," which would include a threat to poison another. Thus, relying on our decision in United States v. Torres-Miguel, 701 F.3d 165 (4th Cir. 2012), Evans argues that a defendant may be convicted under the carjacking statute for taking a vehicle by threatening to poison another, without the "use, attempted use, or threatened use of violent physical force."

---

[3] Section 2119 establishes three separate carjacking offenses in its three subsections. See Jones v. United States, 526 U.S. 227, 235–36, 252 (1999). However, because our analysis focuses on the element of using "force and violence" or "intimidation," which element is common to all three versions of the crime, our conclusions apply equally to all three carjacking offenses.

8

In response, the government argues that the term "intimidation," as used in the statutory phrase "by force and violence or by intimidation," denotes a threat to use violent force. Therefore, in the government's view, the employment of intimidation to commit the federal crime of carjacking is encompassed within the "use, attempted use, or threatened use of physical force" required under Section 924(c)(3)(A) for commission of a crime of violence. We agree with the government's interpretation of the statute.

Our analysis whether the federal crime of carjacking is a crime of violence for purposes of Section 924(c) is governed directly by our recent decision in McNeal, 818 F.3d 141. There, we considered the question whether the federal crime of bank robbery was a "crime of violence" as defined by the force clause of Section 924(c)(3), thereby subjecting the defendant to punishment under Section 924(c) for using a firearm in the commission of bank robbery. See id. at 151–57.

The bank robbery statute at issue in McNeal contained the required element that the property in question be taken "by force and violence, or by intimidation." 18 U.S.C. § 2113. This phrase in the federal bank robbery statute is substantively identical to the specific phrase in Section 2119 that we consider here. Compare 18 U.S.C. § 2113 ("by force and violence, or by intimidation"), with id. § 2119 ("by force and

9

violence or by intimidation"). We held in McNeal that the term "intimidation," as used in the federal bank robbery statute, required the threatened use of physical force, and that, therefore, the federal crime of bank robbery categorically qualified as a crime of violence under the force clause of Section 924(c)(3). McNeal, 818 F.3d at 153; see also United States v. Wagstaff, 865 F.2d 626, 627 (4th Cir. 1989) (defining "intimidation" to require "a threat of bodily harm from the defendant's acts") (citation omitted).

Our decision in McNeal relied on the "straightforward" holdings employed by two of our sister circuits, which have concluded that the crime of carjacking under Section 2119 is a crime of violence. McNeal, 818 F.3d at 153 (citing United States v. Moore, 43 F.3d 568, 572–73 (11th Cir. 1994); United States v. Mohammed, 27 F.3d 815, 819 (2d Cir. 1994)). In Moore, the Eleventh Circuit held that "carjacking is always and without exception a crime of violence," 43 F.3d at 573, and in Mohammed, the Second Circuit held that "it is clear that a violation of . . . the carjacking statute[] is a crime of violence," 27 F.3d at 819.

We are not aware of any case in which a court has interpreted the term "intimidation" in the carjacking statute as meaning anything other than a threat of violent force. See, e.g., In re Smith, 829 F.3d 1276, 1280 (11th Cir. 2016) (holding

10

that "intimidation" in the federal carjacking statute necessarily means threatened use of violent physical force). Nor do we discern any basis in the text of the carjacking statute for viewing the term "intimidation" as having a different meaning from our construction of the substantively identical term in McNeal. The act of taking a motor vehicle "by force and violence" requires the use of violent physical force, and the act of taking a motor vehicle "by intimidation" requires the threatened use of such force. See Smith, 829 F.3d at 1280.

Our conclusion is not altered by our decision in Torres-Miguel. There, we observed that "a crime may result in death or serious injury without involving use of physical force," and held that the California statute at issue was therefore not a "crime of violence." 701 F.3d at 168-69. However, unlike the statute at issue in Torres-Miguel, the carjacking statute includes the statutory element of "by force and violence or by intimidation." 18 U.S.C. § 2119. And, as we have held, the term "intimidation" used in this context means a threat of violent force. See McNeal, 818 F.3d at 156. We therefore hold that the term "intimidation," as used in the phrase "by force and violence or by intimidation" in the carjacking statute, necessarily includes a threat of violent force within the

meaning of the "force clause" of Section 924(c)(3).[4]  See McNeal,

818 F.3d at 153; see also Wagstaff, 865 F.2d at 628.

Accordingly, Evans' crime of conviction, carjacking resulting in

bodily injury in violation of Section 2119(2), is categorically

a crime of violence under the force clause of Section 924(c)(3),

and we affirm his conviction and sentence under Section 924(c).

III.

For these reasons, we affirm the district court's judgment.

AFFIRMED

---

[4] We disagree with Evans' contention that we should not follow our reasoning in McNeal because that analysis relies on out-of-circuit cases predating the Supreme Court's 2010 opinion in Johnson, which limited the definition of "violent force" in ACCA's force clause to violent physical force.  See Johnson, 559 U.S. at 140.  We observe that the Eleventh Circuit recently has reiterated that its holding in Moore remains valid after Johnson, and that carjacking in violation of 18 U.S.C. § 2119 qualifies as a crime of violence under the force clause.  See Smith, 829 F.3d at 1280 (citing Moore, 43 F.3d at 572–73).  The Sixth Circuit, Eighth Circuit, and Eleventh Circuit also have followed our reasoning in McNeal, concluding that federal bank robbery qualifies as a "crime of violence."  Holder v. United States, 836 F.3d 891, 892 (8th Cir. 2016) (force clause of § 924(c)(3)(A)); In re Sams, 830 F.3d 1234, 1239 (11th Cir. 2016) (force clause of § 924(c)(3)(A)); United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016) (force clause of career offender guideline at U.S.S.G. § 4B1.2).