**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 15-4329**

—————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

DARIUS DONNELL FREEMAN,

          Defendant - Appellant.

—————————

**No. 15-4330**

—————————

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

WINCY JOSEPH, a/k/a Joseph Wincey,

          Defendant - Appellant.

—————————

Appeals from the United States District Court for the Western District of North Carolina, at Statesville.  Richard L. Voorhees, District Judge.  (5:13-cr-00080-RLV-DSC-1; 5:13-cr-00080-RLV-DSC-2)

—————————

Submitted:  August 23, 2016          Decided:  February 24, 2017

—————————

Before KING, DUNCAN, and AGEE, Circuit Judges.

—————————

Affirmed by unpublished per curiam opinion.

---

C. Melissa Owen, TIN, FULTON, WALKER & OWEN, PLLC, Charlotte, North Carolina; Brian M. Aus, BRIAN AUS, ATTORNEY AT LAW, Durham, North Carolina, for Appellants.  Jill Westmoreland Rose, United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Donnell Freeman and Wincy Joseph appeal their convictions for armed bank robbery, in violation of 18 U.S.C. §§ 2113(a), (d), 2 (2012) (Count 1), and using, carrying, brandishing, and possessing a firearm during, in relation to, and in furtherance of a crime of violence (bank robbery), in violation of 18 U.S.C. §§ 924(c), 2 (2012) (Count 2). Freeman also appeals his convictions for two additional counts: carjacking, in violation of 18 U.S.C. § 2119 (2012) (Count 3), and using, carrying, brandishing, and possessing a firearm during, in relation to, and in furtherance of a crime of violence (carjacking), in violation of 18 U.S.C. § 924(c) (Count 4). They argue: (1) the district court erred in denying Freeman's motion to suppress; (2) Freeman's and Joseph's § 924(c) convictions based on bank robbery must be vacated because bank robbery is not a crime of violence; (3) the district court plainly erred in providing jury instructions that defined bank robbery as a crime of violence; (4) Freeman's second § 924(c) conviction must be vacated because carjacking is not a crime of violence; and (5) the district court plainly erred in providing jury instructions that defined carjacking as a crime of violence. We affirm.

As to the first claim, when reviewing a district court's ruling on a motion to suppress, we review factual findings for clear error and legal determinations de novo, construing the

evidence in the light most favorable to the prevailing party. United States v. Lull, 824 F.3d 109, 114-15 (4th Cir. 2016).

"[T]he reliability of relevant testimony typically falls within the province of the jury to determine." Perry v. New Hampshire, 132 S. Ct. 716, 720 (2012). Accordingly, the Constitution protects a defendant from a conviction based on evidence of questionable reliability not by automatically excluding such evidence, "but by affording the defendant means to persuade the jury that the evidence should be discounted as unworthy of credit." Id. at 723. Due process is implicated only when the "evidence is so extremely unfair that its admission violates fundamental conceptions of justice." Id. (internal quotation marks omitted). "When no improper law enforcement activity is involved," the reliability of such evidence can be proven through normal trial procedures, such as vigorous cross-examination, special jury instructions where needed, and the requirement that guilt be proven beyond a reasonable doubt. Id. at 721.

Here, Freeman contends that the photographic lineup in which the victim identified Freeman as the carjacker was unduly suggestive and the identification should have been suppressed. He bases this claim on his assertion that the victim had been informed by police beforehand that her car was linked to a bank robbery and she had previously been shown photographs of the bank robbery. In

4

particular, Freeman argues that the district court clearly erred in finding that the police did not show the victim any bank robbery photographs before conducting the photo lineup.

We perceive no clear error. During the suppression hearing, the victim testified that she did not see photographs of the bank robbery until after the photo lineup. But a few days before the photo lineup, a detective who had spoken with the victim on the telephone sent an email to another detective saying that "[the victim] states that she has viewed the bank robbery pictures and is 100% positive [one of the robbers] is the one that carjacked her." (J.A. 217). Freeman argues that the victim's testimony is contradicted by the email. But even allowing this point, there is no evidence that police showed the victim the robbery pictures. These photos had been displayed by local news media, and all four of the police officers who testified at the suppression hearing swore that they did not show the victim any bank robbery pictures before the photo lineup. Therefore, we conclude the district court did not clearly err in finding the identification was not impermissibly tainted, and did not err in denying Freeman's motion to suppress.

Turning to the questions of whether bank robbery and carjacking are crimes of violence, because the Appellants did not raise these issues in the district court, our review is for plain error. See United States v. McNeal, 818 F.3d 141, 148 (4th Cir.),

cert. denied, 137 S. Ct. 164 (2016), and cert. denied sub nom. Stoddard v. United States, 137 S. Ct. 164 (2016). To prevail on plain-error review, "a defendant must show (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." Id. (internal quotation marks omitted). Even if those three prongs are satisfied, we may exercise our discretion to correct a plain error "only when necessary to prevent a miscarriage of justice or to ensure the fairness, integrity or public reputation of judicial proceedings." Id. (internal quotation marks omitted).

We have held that bank robbery is a crime of violence under the force clause of § 924(c)(3)(A). McNeal, 818 F.3d at 153. McNeal directly forecloses the Appellants' argument that bank robbery is not a crime of violence for purposes of their § 924(c) convictions and their claim of an erroneous jury instruction, and these claims therefore entitle them to no relief.

Finally, we recently held that carjacking is a crime of violence under the force clause of § 924(c)(3)(A). United States v. Evans, ___ F.3d ___, ___, No. 16-4094, 2017 WL 444747, at *1 (4th Cir. Feb. 2, 2017). Thus, Freeman's argument that carjacking is not a crime of violence for purposes of his second § 924(c) conviction and his challenge to the relevant jury instructions fail under Evans.

6

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED