[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16069
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-00310-CB,
1:98-cr-00158-CB-M-1

JAMARR JOHNSON,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 25, 2017)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Appellant Jamarr Johnson appeals the district court's denial of his motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.  On appeal, Johnson asserts that the district court erred by determining that his conviction for carjacking qualified as a crime of violence under 18 U.S.C. § 924(c)(3).  After careful review, we affirm.

## I.    BACKGROUND

In June 1998, Johnson and several codefendants were indicted in case number 98-cr-00099 and Johnson was charged with:  four counts of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (Counts 1, 4, 7, and 10); four counts of carjacking, in violation 18 U.S.C. §§ 2119 and 2 (Counts 2, 5, 8, and 11); and four counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts 3, 6, 9, and 12).  The indictment stated that the 924(c) counts were based on robbery of an automobile, in violation of § 2119.

In August 1998, Johnson and two others were charged in case number 98-cr-00158 with: conspiracy to commit carjacking, in violation of § 371 (Count 1); carjacking, in violation of §§ 2119 and 2 (Count 2); and using and carrying a firearm during and in relation to a crime of violence, in violation of §§ 924(c) and 2 (Count 3).  The indictment alleged that the companion charge for the § 924(c) count was robbery of an automobile, in violation of § 2119.

2

The indictments were consolidated for trial and a jury convicted Johnson on all charges. The district court subsequently sentenced Johnson to 1,208 months' imprisonment. This Court affirmed on appeal.

In 2002, Johnson filed a § 2255 motion. Of relevance, Johnson argued that the indictment was defective as to his § 924(c) convictions and that his attorney was ineffective for failing to challenge the § 924(c) counts and sentences. The district court denied the motion.

In June 2016, Johnson filed an application in this Court for leave to file a second or successive § 2255 motion, relying on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague. He argued that *Johnson* rendered the nearly identical risk-of-force clause under § 924(c)(3)(B) unconstitutional, and that because his sentence was based on § 924(c)(3)(B), his sentence violated his due process rights.

We granted Johnson's application for permission to file a second or successive § 2255 motion. We determined that Johnson had made a *prima facie* showing that his claim implicated the Supreme Court's *Johnson* decision because it was not clear which convictions were used to support his § 924(c) convictions or whether conspiracy to commit carjacking could serve as a basis for a § 924(c) conviction.

3

In the meantime, also in June 2016, Johnson filed a counseled § 2255 motion in the district court. He argued that his § 924(c) convictions should be vacated because carjacking did not qualify as a crime of violence under § 924(c)(3)(A), as it could be violated without the use, attempted use, or threatened use of physical force. Nor was carjacking a crime of violence under § 924(c)(3)(B)'s risk-of-force clause because § 924(c)(3)(B) was unconstitutionally vague based on *Johnson*.

The district court denied Johnson's motion, noting that although the parties had not addressed which convictions formed the basis for Johnson's § 924(c) convictions, it was confident Johnson's § 924(c) convictions were based on carjacking. The district court determined that Johnson's argument that carjacking was not a crime of violence under § 924(c)(3)(A)'s use-of-force clause was rendered moot by this Court's decision in *In re Smith*, 829 F.3d 1276, 1281 (11th Cir. 2016). Because Johnson's carjacking convictions met the requirements of the use-of-force clause, the district court concluded that there was no reason to address his argument that § 924(c)(3)(B)'s risk-of-force clause is unconstitutional. Nevertheless, the district court granted Johnson a certificate of appealability on the issue of whether carjacking is a crime of violence under § 924(c)(3). This appeal followed.

4

## II.    DISCUSSION

Johnson asserts that the district court erred by denying his § 2255 motion because carjacking does not qualify as a crime of violence under § 924(c).  In particular, he argues that because the Supreme Court in *Johnson* held that the residual clause of the ACCA, 18 U.S.C. § 924(e), is unconstitutionally vague, the similar risk-of-force clause under § 924(c)(3)(B) is likewise void for vagueness.

We review the legal issues pertaining to a § 2255 proceeding *de novo* and factual findings for clear error.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  The Supreme Court's decision in *Johnson* did not address the statute under which Johnson was convicted.  Instead, it addressed the ACCA, which provides that a person who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a 15-year mandatory minimum sentence.  18 U.S.C. § 924(e)(1).  The statute defines the term violent felony as any crime that carries an imprisonment sentence of more than one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  "The first prong of this definition is referred to as the 'elements clause,' while the second prong contains the 'enumerated crimes' and,

finally, what is commonly called the 'residual clause.'" *United States v. Ovalles*, -- F.3d --, case no. 17-10172, manuscript op. at 11 (11th Cir. June 30, 2017). In *Johnson*, the Supreme Court struck down the residual clause as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563.

At issue in the present case is Johnson's conviction under 18 U.S.C. § 924(c). A person violates § 924(c) by using or carrying a firearm during and in relation to, or by possessing a firearm in furtherance of, a drug trafficking crime or a crime of violence. 18 U.S.C. § 924(c)(1)(A). The sentence imposed under § 924(c) must be served consecutively to any other sentence imposed. *Id.* § 924(c)(1)(A), (c)(1)(D)(ii).

For purposes of § 924(c), the term crime of violence is defined as any felony offense that:

> A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The former clause is often referred to as the "use-of-force" clause or the "elements clause" and the latter clause is referred to as "risk-of-force" clause. *Ovalles*, manuscript op. at 12 (explaining that although the latter clause is often referred to as the residual clause, the name "risk-of-force" clause is more

6

appropriate); *In re Smith*, 829 F.3d 1276, 1279–80 (11th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1339 (11th Cir. 2016).

We recently held that the Supreme Court's void-for-vagueness ruling in *Johnson* does not invalidate § 924(c)(3)(B)'s risk-of-force clause. *Ovalles*, manuscript op. at 17. In doing so, we joined the Second, Sixth, and Eighth Circuits, all of which have held that *Johnson* does not apply to § 924(c)(3)(B). *Id.* at 17, 20. We agreed with the reasoning of those courts that the "significant differences" between the ACCA's residual clause and the risk-of-force clause under § 924(c)(3)(B) makes § 924(c)'s crime-of-violence definition more narrow than the definition of violent felony under the ACCA. *See Ovalles*, manuscript op. at 13–14, 17 (quoting *United States v. Taylor*, 814 F.3d 340, 376–77 (6th Cir. 2016)). We also agreed that unlike § 924(c), where courts are generally tasked with "considering contemporaneous predicate federal crimes, often charged in the same federal indictment," the ACCA requires federal courts to consider a defendant's prior crimes, which are often unrelated to, and remote from, the instant § 922(g) firearm offense. *Id.* at 14–15.

We also emphasized the functional differences between § 924(c) and the ACCA, explaining that the ACCA is a recidivist sentencing enhancement and does not require a nexus between the § 922(g) firearm offense and the predicate violent felony. *Id.* Section 924(c), in contrast, requires a nexus between the § 924(c)

7

firearm offense and the predicate crime of violence. *Id.* at 17–18. Further, section 924(c) has not presented the same interpretative difficulties as the ACCA's residual clause because: (1) section 924(c)'s requirement that the "use" of "physical force" be used against the person or property of another in the course of committing the offense is focused on whether the defendant himself uses force while committing the offense, rather than on whether the defendant's actions may produce a potential risk of physical injury; (2) section 924(c)'s requirement that the risk occur while the defendant is committing the offense places a temporal restriction on the potential scope of the risk; and (3) section 924(c)(3)(B) does not contain the list of enumerated crimes that preceded the ACCA's residual clause and therefore does not require courts to figure out the amount of risk necessary to meet the statute. *Id.* at 18–20.

Our decision in *Ovalles* forecloses Johnson's argument that § 924(c)(3)(B)'s risk-of-force clause is unconstitutionally vague. Of note, Johnson has not argued that carjacking does not qualify as a crime of violence under § 924(c)(3)(B)'s risk-of-force clause, only that the risk-of-force clause is void for vagueness. Because *Johnson* does not extend to § 924(c)(3)(B)'s risk-of-force clause, we conclude that the district court did not err by denying Johnson's § 2255 motion. *See Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) ("We may affirm on any ground supported by the record." (quotations omitted)).

Nevertheless, even if *Johnson* did render § 924(c)(3)(B)'s risk-of-force clause invalid, Johnson's carjacking conviction would still qualify as a crime of violence under § 924(c)(3)(A)'s use-of-force clause.[1]  *See Ovalles*, manuscript op. at 22–26 (upholding the denial of prisoner's § 2255 motion on the independent and alternative ground that, even if *Johnson* invalidated the risk-of-force clause, attempted carjacking qualified as a crime of violence under § 924(c)(3)(A)'s use-of-force clause).  The federal carjacking statute prohibits a person who "with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so."  18 U.S.C. § 2119.

As Johnson concedes, we have held in the context of an application for leave to file a second or successive § 2255 motion that carjacking, pursuant to § 2119, qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause.  *See In re Smith*, 829 F.3d at 1281.  In *In re Smith*, we relied on our prior precedent in *United States v. Moore*, 43 F.3d 568, 572–73 (11th Cir. 1995), to hold that "an element requiring that one take or attempt to take by force and violence or by intimidation, which is what the federal carjacking statute does, satisfies the [use-of-

---

[1]  We note that Johnson's argument that carjacking does not qualify as a crime of violence under § 924(c)(3)(A)'s use-of-force clause is arguably untimely under § 2255(f), as that claim is not based on the newly recognized right announced by the Supreme Court in *Johnson*.

9

force] clause of § 924(c), which requires the use, attempted use, or threatened use of physical force."[2] *In re Smith*, 829 F.3d at 1280. We are bound by our decision in *In re Smith* unless and until it is overruled by our Court sitting en banc or by the Supreme Court. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless or until it is overruled by this court en banc or by the Supreme Court." (quotations omitted)).[3]

Accordingly, the district court's denial of Johnson's § 2255 motion is

**AFFIRMED**.

---

[2] We note that other circuits have similarly held that a conviction under the federal carjacking statute—18 U.S.C. § 2119—qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *See United States v. Jones*, 854 F.3d 737, 740–41 (5th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 246–48 (4th Cir. 2017).

[3] Johnson argues for the first time on appeal that aiding and abetting carjacking does not qualify as a crime of violence. However, he waived this argument by not raising it before the district court. *See Johnson v. United States*, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003) (declining to consider federal prisoner's argument raised for the first time on appeal of the denial of a § 2255 motion).