FILED
United States Court of Appeals
Tenth Circuit

July 27, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OFAMERICA,

      Petitioner - Appellee

v.

MALCO KIYABO KUNDO,

      Defendant - Appellant.

No. 16-4128
(D.C. Nos. 2:16-CV-00436-DAK and
2:07-CR-00571-DAK-1)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HOLMES**, **KELLY**, and **MORITZ**, Circuit Judges.[1]

Defendant-Appellant Malco Kiyabo Kundo, a federal inmate appearing through

counsel, seeks a certificate of appealability (COA) to appeal from the district court's

denial and dismissal of his motion to vacate, set aside, or correct his sentence under 28

U.S.C. § 2255.  See Kundo v. United States, No. 2:16-CV-436-DAK, 2016 WL 3079755

(D. Utah May 31, 2016).  We previously denied Mr. Kundo a COA and dismissed his

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Judges Holmes and Moritz concur in result.

appeal, holding that it was not timely under Johnson v. United States, 135 S. Ct. 2551 (2015). However, in an abundance of caution, we granted a panel rehearing and reinstated the case pending the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). United States v. Kundo, 708 F. App'x 523 (10th Cir. 2018). After receiving supplemental briefing following the decision in Dimaya, we again deny a COA and dismiss the case.

Background

In January 2008, Mr. Kundo pled guilty to (1) armed carjacking in violation of 18 U.S.C. § 2119; (2) brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c); and (3) obstruction of commerce by robbery in violation of 18 U.S.C. § 1951. On April 8, 2008, he was sentenced to 147 months' imprisonment and 60 months' supervised release.

Mr. Kundo chose not to directly appeal his sentence. Thus, the judgment entered on April 8, 2008, became final 14 days later on April 22, 2008, and his normal time to file a § 2255 motion expired on April 22, 2009. 28 U.S.C. § 2255(f)(1); Fed. R. App. P. 4(b)(1)(A). Mr. Kundo, however, filed his § 2255 motion with the district court on May 23, 2016. He contended that his motion was timely under § 2255(f)(3), which states that the one-year limitation period shall run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The

2

district court agreed that the Supreme Court recognized a new rule in Johnson v. United States, 135 S. Ct. 2551 (2015), which was then made retroactive in Welch v. United States, 136 S. Ct. 1257 (2016), and thus that Mr. Kundo's motion was timely. See Kundo, 2016 WL 3079755, at *2.

The district court then rejected Mr. Kundo's arguments on the merits. Id. at *3. Mr. Kundo argued that the residual clause of the definition of "violent felony" in 18 U.S.C. § 924(e)(2)(B)(ii), which was struck down by the Supreme Court in Johnson as unconstitutionally vague, is indistinguishable from the risk-of-force clause of the definition of "crime of violence" in § 924(c)(3)(B). Thus, according to Mr. Kundo, his sentence for brandishing a firearm during a crime of violence — carjacking — was imposed in violation of the Constitution.[2] The district court disagreed, finding that because the clause in § 924(c)(3)(B) is applied to real-world conduct, it did not suffer from the constitutional deficiencies recognized in Johnson. Kundo, 2016 WL 3079755, at *3. The court then denied Mr. Kundo a COA, which he now seeks from this court.

Discussion

To obtain a COA, Mr. Kundo must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the

---

[2] The government argues that Mr. Kundo forfeited this claim because he did not argue it in his initial habeas petition to the district court. The district court, however, based its decision on this issue, and so we will address it as well.

constitutional claims on the merits, the showing required to [obtain a COA] is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We can, however, affirm on any basis supported in the record, which we do here. See United States v. Watson, 766 F.3d 1219, 1235 (10th Cir. 2014). Even assuming, arguendo, that the district court erred in determining that Mr. Kundo's Johnson claim failed on the merits, we hold that this error was harmless as Mr. Kundo still would have been convicted of 18 U.S.C. § 924(c) [3] under the elements clause of § 924(c)(3)(A).[4] See United States v. Driscoll, 892 F.3d 1127, 1132 (10th Cir. 2018) (applying harmless error analysis to § 2255 petition)

As recognized by Mr. Kundo in his opening brief, we could deny a COA on this basis. Aplt. Br. at 25. We have previously held that carjacking is categorically a crime

---

[3] Mr. Kundo pled guilty to 18 U.S.C. § 924(c)(1)(A), which prohibits using or carrying a firearm during "any crime of violence." A crime is a "crime of violence" if it fits one of § 924(c)(3)'s two definitions: the "elements clause," § 924(c)(3)(A), or the "residual clause," § 924(c)(3)(B). The district court apparently relied on § 924(c)(3)(B), the "residual clause," to determine that carjacking was a crime of violence. Kundo, 2016 WL 3079755, at *2. However, § 924(c)(3)(B) only defines a "crime of violence" and does not actually prohibit or punish any conduct. Therefore, even though § 924(c)(3)(B) is unconstitutionally vague, the central question is whether Mr. Kundo actually committed the offense of § 924(c)(1)(A), which, we conclude, he did because armed carjacking is still a "crime of violence" under § 924(c)(3)(A). See United States v. Morgan, 748 F.3d 1024, 1034 (10th Cir. 2014) ("Whether a crime fits the § 924(c) definition of a "crime of violence" is a question of law.").
[4] 18 U.S.C. § 924(c)(3)(A) defines a crime of violence as one that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

of violence under § 924(c)(3). United States v. Brown, 200 F.3d 700, 706 (10th Cir. 1999). However, since our decision in Brown, the Supreme Court has clarified that the level of "physical force" needed for a crime of violence is "violent force." See United States v. Johnson, 559 U.S. 133, 140 (2010) (Johnson I). Mr. Kundo argues that because carjacking can be based on intimidation, it does not require proof of "violent force" as defined in Johnson I, and is not categorically a crime of violence under the force clause. Aplt. Br. at 25–26. Although we did not consider this argument in Brown, we do not find this point reasonably debatable. We repeatedly have rejected similar arguments in the context of federal bank robbery, 18 U.S.C. § 2113, and held that "intimidation involves the threatened use of physical force." United States v. McCranie, 889 F.3d 677, 681 (10th Cir. 2018); see United States v. Smith, No. 17-3086, 2018 WL 3323637, at *1 (10th Cir. July 6, 2018). As both the bank robbery and carjacking statutes are worded similarly concerning intimidation, we hold that intimidation under the carjacking statute also requires the use of physical force. Other circuits that have examined this issue have come to the same conclusion, and Mr. Kundo has provided no cases suggesting the opposite. See United States v. Gutierrez, 876 F.3d 1254, 1257 (9th Cir. 2017) (finding armed carjacking qualifies as crime of violence under § 924(c)(3)(A)), cert. denied, 138 S. Ct. 1602 (2018); United States v. Evans, 848 F.3d 242, 246–48 (4th Cir. 2017) (same); United States v. Jones, 854 F.3d 737, 740–41 (5th Cir. 2017) (same).

We conclude that no reasonable jurist could debate whether armed carjacking is a crime of violence under § 924(c)(3)(A).

5

Accordingly, we DENY a COA and DISMISS the appeal.

ENTERED FOR THE COURT

Paul J. Kelly
Circuit Judge