**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4721

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID DEVONNE BATTISTE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Malcolm J. Howard, Senior District Judge.  (4:14-cr-00058-H-1)

Submitted: September 27, 2018                                           Decided:  October 3, 2018

Before WILKINSON, MOTZ, and DUNCAN, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Brian Michael Aus, Durham, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Devonne Battiste pled guilty, pursuant to a written plea agreement, to carjacking, in violation of 18 U.S.C. § 2119(1) (2012), and discharging a firearm in furtherance of a crime of violence (carjacking), in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2012). The district court sentenced Battiste as a career offender to 324 months' imprisonment. On appeal, Battiste challenges his career offender designation, his § 924(c) conviction, and the district court's denial of his motion to withdraw his guilty plea. The Government has moved to dismiss Battiste's appeal based on the appellate waiver in his plea agreement. We affirm in part and dismiss in part.

We will enforce a defendant's waiver of his right to appeal his conviction and sentence if the waiver "is valid and the issue appealed is within the scope of the waiver." *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (internal quotation marks omitted). "We review the validity of an appeal waiver de novo," considering "the totality of the circumstances." *Id.* (internal quotation marks omitted). A valid waiver is one that is "knowing and voluntary." *United States v. Tate*, 845 F.3d 571, 574 n.1 (4th Cir. 2017). "Generally, if a district court questions a defendant regarding the waiver of appellate rights during the Rule 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.* (internal quotation marks omitted).

Battiste does not challenge the validity of the waiver. Moreover, upon review of the plea agreement and the transcript of the Fed. R. Crim. P. 11 hearing, we conclude that the appeal waiver in Battiste's plea agreement is valid, as he entered it knowingly and

2

voluntarily. *See Tate*, 845 F.3d at 574 n.1. Thus, the waiver is enforceable as to issues within its scope.

Battiste contests the district court's denial of his motion to withdraw his guilty plea. Although Battiste agreed to waive the right to appeal his convictions in his plea agreement, a defendant cannot waive a colorable claim that his plea was not knowing and voluntary. *See, e.g., United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Accordingly, Battiste's appeal waiver does not foreclose our review of the validity of his guilty plea.

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). To withdraw a guilty plea before sentencing, a defendant must "show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of demonstrating that withdrawal should be granted." *United States v. Thompson-Riviere*, 561 F.3d 345, 348 (4th Cir. 2009) (brackets and internal quotation marks omitted). When the district court substantially complies with the Rule 11 requirements, the defendant must overcome a strong presumption that his guilty plea is final and binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). In deciding a motion to withdraw a guilty plea, courts consider the following non-exhaustive list of factors:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and

3

(6) whether [withdrawal] will inconvenience the court and waste judicial resources.

*Nicholson*, 676 F.3d at 384 (citing *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991)).

The district court conducted a comprehensive Rule 11 hearing prior to accepting Battiste's guilty plea and Battiste fails to overcome the strong presumption that his guilty plea is final and binding. *See Lambey*, 974 F.2d at 1394. Battiste also makes no credible assertion of legal innocence, and waited almost six months to move to withdraw his plea. Further, he swore under oath that he was satisfied with counsel's representation at the plea hearing and, beyond his bare assertions, Battiste fails to point to any evidence of ineffectiveness. *See Christian v. Ballard*, 792 F.3d 427, 444 (4th Cir. 2015) ("Solemn declarations in open court carry a strong presumption of verity . . . ." (alteration and internal quotation marks omitted)). Accordingly, we conclude that the district court did not abuse its discretion in denying Battiste's motion to withdraw his guilty plea, and we affirm as to this claim.

Battiste waived the right to appeal his convictions and sentence, including any sentence below or within the advisory Sentencing Guidelines range established at sentencing. Accordingly, his challenge to his career offender designation falls within the scope of his appeal waiver, and we grant the Government's motion to dismiss as to this claim. *See United States v. Brown*, 232 F.3d 399, 404 (4th Cir. 2000) (holding incorrect application of career offender enhancement did not fall outside the scope of valid appeal waiver).

Battiste next claims that he is innocent of his § 924(c) conviction because carjacking does not constitute a crime of violence. "We will refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). "A proper showing of actual innocence is sufficient to satisfy the miscarriage of justice requirement," thereby rendering the claim outside the scope of the waiver. *Id.* (internal quotation marks omitted). Battiste has not made a cognizable showing of actual innocence, as his challenge to his § 924(c) conviction is directly foreclosed by *United States v. Evans*, 848 F.3d 242 (4th Cir.) (holding that carjacking is crime of violence under § 924(c)'s force clause), *cert. denied*, 137 S. Ct. 2253 (2017). Thus, Battiste's § 924(c) claim falls within the scope of the appellate waiver and we grant the Government's motion to dismiss as to this claim as well.

Accordingly, we affirm the district court's denial of Battiste's motion to withdraw his guilty plea and grant the Government's motion to dismiss as to the remainder of the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*