**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4784**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVONTA TAYVEON FORD,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:18-cr-00260-RJC-DSC-1)

Submitted: May 27, 2021                                                      Decided: June 4, 2021

Before GREGORY, Chief Judge, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Chiege Ojugo Kalu Okwara, Charlotte, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Davonta Tayveon Ford pled guilty, pursuant to a written plea agreement, to carjacking and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 2119(1), and brandishing a firearm during, in relation to, and in furtherance of, a crime of violence, and aiding and abetting the same, in violation of 18 U.S.C. §§ 2, 924(c). The district court sentenced Ford to 144 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 368 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether sufficient evidence supported that Ford had the requisite mens rea—to kill or seriously harm the victim—when he carjacked the vehicle, and whether Ford's related § 924(c) conviction is therefore unsupported by a valid predicate. Although advised of his right to do so, Ford did not file a pro se supplemental brief. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Ford's plea agreement.* Finding no error, we affirm.

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely

---

* Although Ford waived the right to appeal his "conviction and sentence in any appeal or post-conviction action," except for ineffective assistance of counsel and prosecutorial misconduct claims, the appellate waiver in Ford's plea agreement does not bar his factual basis challenge. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (holding that a valid appeal waiver does not bar a claim that "a factual basis is insufficient to support a guilty plea" because such claim "goes to the heart of whether the guilty plea, including the waiver of appeal, is enforceable." (internal quotation marks omitted)). Moreover, because the Government has not moved to enforce the appellate waiver, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *See United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum possible penalty, and the rights the defendant is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1).

A sentencing court must ensure that a factual basis supports a guilty plea before entering judgment on the plea. *United States v. Mastrapa*, 509 F.3d 652, 659 (4th Cir. 2007); Fed. R. Crim. P. 11(b)(3). "The rule is intended to ensure that the court make clear exactly what a defendant admits to, and whether those admissions are factually sufficient to constitute the alleged crime." *Mastrapa*, 509 F.3d at 659–60 (internal quotation marks omitted). The court "may conclude that a factual basis exists from anything that appears on the record." *Id.* at 660 (internal quotation marks omitted). Because Ford did not challenge the factual basis for his plea agreement in the district court, we review his claim for plain error. *United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017). "Plain error requires the existence of (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted); *see Mastrapa*, 509 F.3d at 657.

To prove carjacking under 18 U.S.C. § 2119, the Government must establish that a person "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from

the person or presence of another (5) by force and violence or intimidation." *United States v. Small*, 944 F.3d 490, 498 (4th Cir. 2019) (internal quotation marks omitted), *cert. denied*, 140 S. Ct. 2644 (2020). The statute's "mens rea component, a specific intent requirement, is satisfied whether the defendant unconditionally or conditionally intended to cause death or serious bodily harm during a carjacking." *Id.* (brackets and internal quotation marks omitted). Therefore, the Government must show "that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car . . . ." *Id.* (emphasis and internal quotation marks omitted). "[A]n empty threat, or intimidating bluff would be [in]sufficient to satisfy the . . . [intent] element." *Holloway v. United States*, 526 U.S. 1, 11 (1999).

Counsel argues that the factual basis is insufficient to establish that Ford had the intent, conditional or otherwise, to seriously harm or kill the victim at the time of the carjacking because Ford did not point a gun, touch, or search the victim and Ford did not take the car while the victim was in physical possession of the vehicle. Counsel also argues that Ford's statements were "no more than empty threats or an intimidating bluff," and maintains that the evidence establishes that, at most, Ford had an intent to scare the victim into relinquishing the vehicle.

Our review of the record, however, indicates that Ford had the requisite mens rea to commit the carjacking offense. In his factual basis, Ford admitted that he intentionally took the vehicle from the victim, that he or his codefendant brandished a firearm during the course of the carjacking, and that he intended to cause death or serious bodily injury to

4

the victim. *See United States v. DeFusco*, 949 F.2d 114, 120 (4th Cir. 1991) (finding an adequate factual basis to support guilty plea and relying, in part, on defendant's admissions set forth in the statement of facts); *McCoy*, 895 F.3d at 365 (reviewing a factual basis challenge and stating that "a bare recitation of the facts will satisfy [Fed. R. Crim. P.] 11 so long as it establishes the elements of the offense"). At sentencing, Ford again stipulated that the factual basis was sufficient to support his guilty plea and agreed that the court could also rely in the facts outlined in the presentence report.

Moreover, "an assailant's wielding a gun provides a strong indication of intent to inflict bodily harm if met with resistance, particularly when the perpetrator did not merely display a gun but rather pointed the gun at the victim in demanding car keys and other possessions." *Small*, 944 F.3d at 499 (brackets, ellipsis, and internal quotation marks omitted). The record reveals that Ford "pulled out a gun" and made threatening statements, demanding the victim to relinquish possession of several items, including the car keys. These facts support the conclusion that Ford possessed the intent to seriously harm the victim if necessary to steal the car. *See United States v. Robinson*, 855 F.3d 265, 269 (4th Cir. 2017) (finding sufficient evidence of intent for carjacking when defendant pointed a gun at victim and made a verbal threat); *United States v. Ketchum*, 550 F.3d 363, 367 (4th Cir. 2008) (noting that "[a] stipulated recitation of facts alone is sufficient to support a plea" (brackets and internal quotation marks omitted)).

Finally, because the carjacking conviction stands, Ford's challenge to his § 924(c) conviction fails. The underlying predicate was properly supported. Further, carjacking is a crime of violence. *See United States v. Evans*, 848 F.3d 242 (4th Cir. 2017).

In accordance with *Anders*, we have reviewed the entire record in this case. We have found no meritorious issues for appeal. We therefore affirm Ford's conviction and sentence. This court requires that counsel inform Ford, in writing, of the right to petition the Supreme Court of the United States for further review. If Ford requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ford.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*