**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4460**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

DEMERY BERNARD MCLYMORE,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:18-cr-00148-D-1)

Submitted:  February 25, 2022                Decided:  March 2, 2022

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Joshua B. Howard, GAMMON, HOWARD & ZESZOTARSKI, PLLC, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Demery Bernard Mclymore appeals his convictions for carjacking, in violation of 18 U.S.C. § 2119, and brandishing a firearm during, in relation to, and in furtherance of the carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).[*]  On appeal, Mclymore's sole challenge is to the sufficiency of the evidence to support his carjacking and attendant § 924(c) convictions.  Specifically, he argues that the evidence adduced at trial was insufficient to establish that he had the requisite intent to kill or seriously harm the victims when he took control of the car.  He further argues that, because the carjacking conviction was not supported by sufficient evidence, it cannot serve as a predicate crime of violence and, therefore, the § 924(c)(1)(A)(ii) conviction must also be vacated.  We affirm.

We review de novo a challenge to the sufficiency of the evidence.  *United States v. Bran*, 776 F.3d 276, 279 (4th Cir. 2015).  In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support a conviction when viewed in the light most favorable to the Government.  *United States v. Haas*, 986 F.3d 467, 477 (4th Cir.), *cert. denied*, 142 S. Ct. 292 (2021).  "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt."  *Id.* (cleaned up).  However, "[i]t is the responsibility of the jury, not ours, to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *United*

---

[*] Mclymore does not challenge his convictions for possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924, and being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924.

*States v. Robinson*, 855 F.3d 265, 268 (4th Cir. 2017) (internal quotation marks omitted). "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018) (internal quotation marks omitted).

To prove carjacking under 18 U.S.C. § 2119, the Government must establish that Mclymore "(1) with intent to cause death or serious bodily harm (2) took a motor vehicle (3) that had been transported, shipped or received in interstate or foreign commerce (4) from the person or presence of another (5) by force and violence or intimidation." *United States v. Small*, 944 F.3d 490, 498 (4th Cir. 2019) (internal quotation marks omitted). Mclymore only disputes the sufficiency of the evidence for the first element, namely, that he acted with intent to cause death or serious bodily harm when he took possession of the vehicle. In particular, Mclymore argues that his actions established the kind of reckless desperation and empty threats that do not constitute carjacking, citing *United States v. Bailey*, 819 F.3d 92 (4th Cir. 2016), and that the victims' insouciance after the incident supports his argument. He contends that, although he made threats and committed violent acts before and after taking control of the car, there is no evidence that he intended to kill or seriously harm the driver at the moment he demanded a ride. The Government counters that the evidence showing that Mclymore brandished a gun, threatened the victims, and physically assaulted them, sufficiently supports the jury's verdict.

"Section 2119's *mens rea* component, a specific intent requirement, is satisfied whether the defendant unconditionally or conditionally intended to cause death or serious

3

bodily harm during a carjacking." *Small*, 944 F.3d at 498 (cleaned up). To satisfy this requirement, the Government must show "that 'at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car.'" *Id.* (quoting *Holloway v. United States*, 526 U.S. 1, 12 (1999)) (cleaned up). A defendant's empty threat or intimidating bluff during the theft is insufficient to establish specific intent for carjacking, *id.*, but where defendants "threatened their victims with actual weapons, made affirmative threatening statements, and/or physically assaulted their victims," the evidence supports a finding of such intent, *Bailey*, 819 F.3d at 97; *see Small*, 944 F.3d at 499 (finding sufficient evidence of intent for carjacking when defendant wielded a gun and pointed it at victim while demanding car keys and other possessions); *Robinson*, 855 F.3d at 269 (finding sufficient evidence of intent for carjacking when defendant pointed gun at victim and made verbal death threat); *United States v. Foster*, 507 F.3d 233, 247 (4th Cir. 2007) (finding sufficient evidence of intent for carjacking when defendant held gun to victim's head and ordered victim out of car). Viewing the evidence in the light most favorable to the Government, *see Haas*, 986 F.3d at 477, and considering the relevant authorities, we conclude that there is substantial evidence from which the jury could infer Mclymore's intent to kill or cause serious harm when he took control of the car.

Mclymore also argues that because there was insufficient evidence to sustain his carjacking conviction, it cannot serve as a predicate crime of violence to support his 18 U.S.C. § 924(c)(1)(A)(ii) conviction. Because there was sufficient evidence to support Mclymore's carjacking conviction and carjacking is a crime of violence, *see United States*

4

*v. Evans*, 848 F.3d 242, 244 (4th Cir. 2017) (holding federal carjacking is crime of violence under § 924(c)'s force clause), the evidence was also sufficient to support Mclymore's dependent § 924(c)(1)(A)(ii) conviction.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*