'BY THE PANEL:
Jeffrey Smith was convicted by a jury of carjacking, in violation of 18 U.S.C. § 2119, and carrying and using a firearm during this crime of violence, in violation of 18 U.S.C. § 924(c). The convictions arose out of a carjacking during which one of the victims was shot to death. Smith has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence under 28 U.S.C. § 2255. Such authorization may be granted only if this Court certifies that the second or successive motion contains a claim involving:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as- a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h). Only the second subsection above — assertion of a new rule of constitutional law — is at issue here.
We may authorize the filing of a second or successive motion only if we first determine that the applicant has made a prima facie showing that satisfies the requirements of this subsection. 28 U.S.C. § 2244(b)(3)(C); see also Jordan v. Sec’y, Dep’t of Corr., 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court’s determination that an applicant has made a prima facie showing that the statutory criteria have been met is simply a threshold determination).
Smith filed two applications, one pro se, and one counseled. We consolidated those applications, and, because the applications raise substantially the same claim, we consider them together. In his applications, Smith indicates that he wishes to raise one claim in a second or successive § 2255 motion. Smith asserts that his claim relies upon the new rule of constitutional law announced in Johnson v. United States, 576 U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In Johnson, the Supreme *1278 Court held that because the residual clause of the “violent felony” definition in the Armed Career Criminal Act (“ACCA”) is unconstitutionally vague, imposition of an enhanced sentence under that provision violates the Fifth Amendment’s guarantee of due process. The Supreme Court made clear that its ruling on the residual clause did not call into question the validity of the elements clause or the enumerated crimes clause of the ACCA’s definition of a violent felony.[1] Id. at -, 135 S.Ct. at 2563. Smith’s applications also cite Welch v. United States, 578 U.S. -, 136 S.Ct. 1257, 194 L.Ed.2d 387 (2016), in which the Supreme Court held that Johnson applies retroactively to cases on collateral review. In short, Smith asserts that his conviction and sentence under § 924(c) are no longer valid in light of Johnson.
In light of the Supreme Court’s holdings in Johnson and Welch, federal prisoners who make a prima facie showing that they previously were sentenced in reliance on the ACCA’s now-void residual clause are entitled to file a second or successive § 2255 motion in the district court. However, merely asserting, in the abstract, a ground that purportedly meets § 2255(h)’s requirements “represents] the minimum showing” necessary to file a successive § 2255 motion. In re Holladay, 331 F.3d 1169, 1173 (11th Cir. 2003) (granting a state death-row inmate’s successive application because he had proffered detailed evidence, in satisfaction of § 2244(b)(3)(C), that showed “a reasonable likelihood that he is in fact mentally retarded” to support his proposed Atkins claim). Rather, § 2244(b)(3)(C) requires the applicant.to make “a prima facie showing that the application satisfies the requirements of this subsection.” Id. Accordingly, it is not enough for a federal prisoner to merely cite Johnson as the basis for the claim he seeks to raise in a second or successive § 2255 motion. Instead, the prisoner must also make a prima facie showing that he falls within the scope of the new substantive rule announced in Johnson. See id.; 28 U.S.C. § 2244(b)(3)(C).
Potential Applicability of Johnson to a Non-ACCA Statute
As noted, Johnson rendered the residual clause of the ACCA invalid. It said nothing about the validity of the definition of a crime of violence found in § 924(c) (3), which prohibits using or carrying a firearm during a crime of violence. Section 924(c) creates a separate crime and provides for a mandatory consecutive sentence for a defendant who uses a firearm during a crime of violence or a drug trafficking crime. 18 U.S.C. § 924(c)(1). For purposes of § 924(c), “crime of violence” means an offense that is a felony and:
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
18 U.S.C. § 924(c)(3).
Subsection (A) is often referred to as the force clause, the use-of-force clause, or the elements clause. Subsection (B) is often *1279 referred to as the residual clause or the substantial-risk clause. We will refer to the clauses, respectively, as the force clause and the residual clause.
As noted, Smith contends that the rule promulgated in Johnson, which held the residual clause of the ACCA to be unconstitutionally vague, means that § 924(c)’s residual clause must likewise suffer the same fate. Further, as this argument goes, because Johnson applies retroactively for purposes of permitting a second or successive § 2255 motion, then a prisoner who was not convicted of an ACCA violation may also rely on Johnson and Welch to gain permission to .file a second or successive motion attacking a conviction under a different statute. This contention, however, is not self-evident and, indeed, there are good reasons to question an argument that Johnson mandates the invalidation of § 924(c)’s particular residual clause, as set out in § 924(c)(3)(B).
First, an analysis of a statute’s vagueness is necessarily dependent on the particular words used and, while similar, the language in the two statutes is not the same.[2] Not only did the Supreme Court in Johnson decline to expressly invalidate § 924(c)’s residual clause, it further refused to broadly condemn other criminal laws that used risk-based terms. Johnson, 135 S.Ct. at 2561 (indicating that, contrary to fears expressed by the Government, its holding did not mean that other criminal statutes that used terms .such as “substantial risk” were necessarily in “constitutional doubt”). Second, § 924(c)’s residual clause has not been subject to the same kind of uncertainty in application that long plagued the residual clause of the ACCA and ultimately led the Supreme Court to strike that clause. See id. at 2559-60 (discussing the uncertainty experienced in applying the ACCA’s residual clause). In short, there are reasons to question whether the Supreme Court’s striking of the ACCA’s residual clause means that §’ 924(c)’s clause is also invalid and, if so, whether the Supreme Court has expressed that conclusion clearly enough in Johnson to warrant permitting a prisoner convicted under § 924(c) to file a second or successive petition on such an uncertain basis.
Nevertheless, in executing our gatekeeper function as to claims asserting that § 924(c)’s residual clause is now also invalid as a result of Johnson, we have assumed, as a threshold matter, that it might be. See In re Pinder, No. 16-12084, 824 F.3d 977, 978-79, 2016 WL 3081954, at *2 (11th Cir. June 1, 2016). But where it is clear that a § 924(c) conviction is based on an underlying offense that satisfies the statute’s force clause, we have said so and, in those cases, we have denied the application for a second or successive § 2255 motion. For example, we have held that armed bank robbery and Hobbs Act robbery clearly meet the requirements of § 924(c)(3)(A)’s force clause, and therefore have found no prima facie showing by an applicant who seeks to make a Johnson challenge as to those convictions in a successive motion. See In re Hines, No. 16-12454, 824 F.3d 1334, 1336-37, 2016 WL *1280 3189822, at *2-3 (11th Cir. June 8, 2016) (explaining that armed bank robbery under 18 U.S.C. § 2113 is a crime of violence under § 924(e)(3)(A)’s force clause); In re Saint Fleur, No. 16-12299, 824 F.3d 1337, 1340-42, 2016 WL 3190639, at *3-4, manuscript order at 6-7 (11th Cir. June 8, 2016) (concluding that Hobbs Act robbery under 18 U.S.C. § 1951 is a crime of violence under § 924(c)(3)(A)’s force clause). When it is uncertain whether the underlying offense satisfies § 924(c)(3)’s force clause, we have granted the application. See In re Pinder, 824 F.3d at 1339-40, 2016 WL 3081954 at *2 (holding that an applicant made a prima facie case, for purposes of second or successive review, when seeking to challenge a conviction for conspiracy to commit Hobbs Act robbery based on an argument that such a conviction meets only the residual clause of § 924(c)).
In sum, then, for purposes of this order, we will assume that we can extrapolate from the Johnson holding that § 924(c)’s residual clause is also unconstitutional. But as explained below, even making that assumption, we conclude that Smith has not made a prima facie case that Johnson renders his § 924(c) conviction invalid.
A Carjacking Conviction under 18 U.S.C. § 2119 Satisfies § 924(c)’s Force Clause
As explained above, Smith contends that the rule promulgated in Johnson, which held the residual clause of the ACCA to be unconstitutionally vague, means that § 924(c)’s residual clause must likewise suffer the same fate. While skeptical of the merits of this argument, we will assume for now that Smith is correct. Consistent with that assumption, if § 924(c) now lacks a residual clause, all that remains is the force clause. Smith asserts that a federal conviction for carjacking under § 2119 does not meet the requirements of the force clause and, that being so, carjacking can never be deemed a crime of violence. For this reason, Smith argues he should be allowed to pursue a second § 2255 motion to seek to have his § 924(c) conviction overturned.
We disagree. Even assuming that Johnson invalidated § 924(c)’s residual clause, that conclusion would not assist Smith because the elements of the underlying conviction on which his § 924(c) conviction was based — carjacking, in violation of 18 U.S.C. § 2119 — meet the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense. In fact, our precedent says just that. In United States v. Moore, 43 F.3d 568 (11th Cir. 1994), we held:
The term “crime of violence” as Congress defined it in 18 U.S.C § 924(c)(3) clearly includes carjacking. “Tak[ing] or attempting] to take by force and violence or by intimidation,” 18 U.S.C. § 2119, encompasses “the use, attempted use, or threatened use of physical force....” 18 U.S.C. § 924(c)(3)(A).
Id. at 572-73 (emphasis added). Stated another way, an element requiring that one take or attempt to take by force and violence or by intimidation, which is what the federal carjacking statute does, satisfies the force clause of § 924(c), which requires the use, attempted use, or threatened use of physical force.[3] In short, our precedent[4] holds that carjacking in viola *1281 tion of § 2119 satisfies § 924(e)’s force clause, and that ends the discussion.[5]
Accordingly, regardless of the validity of § 924(c)’s residual clause, Smith’s § 924(c) conviction meets the requirements of that statute’s force clause. Therefore, Smith has failed to make a prima facie showing that he has raised a claim that meets the statutory criteria and his application is therefore DENIED.

. The ACCA calls for an enhanced sentence for a defendant who has three prior predicate convictions and who has been convicted under 18 U.S.C. § 922(g), which, among other things, prohibits a felon from possessing a firearm. A predicate conviction for a violent felony can qualify either under (1) the elements clause (§ 924(e)(2)(B)(i)) (a prior crime having as an element the use, attempted use, or threatened use of physical force against the person of another); (2) the enumerated crimes clause (§ 924(e)(2)(B)(ii)) (burglary, arson, extortion or use of explosives); or (3) the residual clause (§ 924(e)(2)(B)(ii)) (crime that presents a serious potential risk of physical injury to another).

. Section 924(c)(3) defines a crime of violence as a felony offense that "(A) has as an element' the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.” Section 924(c)(3) (B) is similar, but not identical, to the language of the ACCA residual clause invalidated by the Supreme Court in Johnson. Specifically, the residual clause of the ACCA counts as qualifying a crime that involves conduct that presents a serious potential risk of physical injury to smother. See 18 U.S.C. § 924(e)(2)(B)(ii). The residual clause of § 924(c), on the other hand, requires a crime that, by its nature, involves a substantial risk that physical force may be used against people or property. See 18 U.S.C. § 924(c)(3)(B).

. Our dissenting colleague points out that, following its statement that the elements of a carjacking offense satisfy the force clause (§ 924(c)(3)(A)), the opinion in Moore notes that those elements also satisfy the § 924(c)(3)(B)'s residual clause. From that, the dissent argues that the opinion could be read as relying on the residual clause. We do not read Moore in this way. By setting out each of the two clauses of § 924(c)(3) and concluding that carjacking meets each of them, we find Moore's holding to be clear.

. Although we have binding precedent to support our conclusion, we do not concede that such precedent is required. Citing In re Rog *1281 ers, the dissent asserts that we are required to grant an application unless "it is clear under 'on-point binding precedent [that] a particular crime categorically qualifies’ as a crime of violence notwithstanding Johnson." Dissenting Ord. at 3 (quoting In re Rogers, No. 16-12626, 825 F.3d 1335, 1338-40, 2016 WL 3362057, at *2 (11th Cir. June 17, 2016)). But we have held that this language in In re Rogers addressed only an ACCA challenge, not a challenge of a § 924(c) conviction. And given the significant difference between those two types of challenges, we held that Rogers’s statement regarding the need for prior precedent does not apply in this context. See In re Gordon, No. 16-13681, 827 F.3d 1289, 1294 n. 4, 2016 WL 3648472, at *4 n. 4 (11th Cir. July 8, 2016).

. We also disagree with the dissent’s suggestion that the Supreme Court’s decision in Holloway v. United States, 526 U.S. 1, 11, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999) undermines Moore. The dissent reads Holloway as indicating that a defendant could be found guilty of carjacking if a driver surrenders his car, even if the defendant never used, attempted to use, or threatened to use physical force, so long as the defendant had the intent to inflict death or serious bodily harm. Respectfully, we do not read Holloway as making such a pronouncement. If one reads the sentences that precede the language quoted by the dissent, it appears that the Supreme Court is saying nothing more than not every threat, accompanied by the taking of a vehicle, renders one guilty of carjacking. Instead, a taking preceded by a threat will be insufficient unless there is also at least a conditional intent to inflict bodily harm. Hence, that the driver-victim may have surrendered his car based on an "empty threat” or “intimidating bluff,” id. by the defendant does not mean that the latter is guilty of carjacking unless he also intended to inflict physical harm on the victim. See id.