[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16566
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-00446-CB,
1:98-cr-00099-KD-S-3


CORNELIUS KENYATTA CRAIG,
a.k.a. Douglas Buster,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(July 25, 2017)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Appellant Cornelius Craig appeals the district court's denial of his motion to vacate, set aside, or correct his sentence filed pursuant to 28 U.S.C. § 2255. On appeal, Craig challenges the district court's determination that his conviction for carjacking qualifies as a crime of violence under 18 U.S.C. § 924(c)(3). After careful review, we affirm.

## I.    BACKGROUND

In June 1998, a federal grand jury issued an indictment against Craig and several codefendants, charging Craig specifically with: three counts of conspiracy to commit carjacking, in violation of 18 U.S.C. § 371 (Counts 1, 4, and 7); three counts of carjacking, in violation of 18 U.S.C. §§ 2119 and 2 (Counts 2, 5, and 8); and three counts of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts 3, 6, and 9). The § 924(c) counts alleged that the firearm was used during the robbery of an automobile, in violation of § 2119.

Two months later, in August 1998, Craig and two others were charged with: one count of conspiracy to commit carjacking, in violation of § 371 (Count 1); carjacking, in violation of §§ 2119 and 2 (Count 2); and using and carrying a firearm during and in relation to a crime of violence, in violation of §§ 924(c) and 2 (Count 3). The indictment stated that the offense underlying the § 924(c) count was robbery of an automobile, in violation of § 2119.

2

Both indictments were consolidated for trial.  A jury returned a guilty verdict on all counts and the district court sentenced Craig to 931 months' imprisonment. This Court affirmed on appeal.

In 2001, Craig filed a § 2255 motion, arguing in relevant part that his § 924(c) convictions were unconstitutional because the indictment was defective as to those charges.  The district court denied the motion.

In July 2016, Craig filed an application for leave to file a second or successive motion to vacate in July 2016.  In his application, he relied on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2552 (2015), in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutionally vague, and *Welch v. United States*, 136 S. Ct. 1257 (2016), which applied *Johnson* retroactively to cases on collateral review.  In light of *Johnson*, Craig argued that § 924(c)(3)(B)'s nearly identical risk-of-force clause was also void for vagueness, and therefore his § 924(c) convictions were unconstitutional.

We granted Craig's application for leave to file a second or successive § 2255 motion.  We explained that we had denied applications for leave to file a second or successive § 2255 motion where the applicant's § 924(c) companion conviction qualified as a crime of violence under § 924(c)(3)(A)'s use-of-force clause.  However, we had determined that an applicant made a *prima facie*

3

showing that his claim implicated *Johnson* where the record indicated that the applicant's companion conviction was based on conspiracy to commit Hobbs Act robbery and it was not clear whether *Johnson* invalidated that § 924(c) conviction and sentence. We concluded that although Craig's § 924(c) convictions in case number 98-cv-00099 were clearly based on his carjacking convictions, he had made a *prima facie* showing that he was entitled to file a second or successive § 2255 motion with respect to his § 924(c) conviction in case number 98-cv-00158. This was so because it was not clear which conviction served as the basis for that offense: carjacking or conspiracy to commit carjacking.

Having received this Court's permission, Craig filed a § 2255 motion in the district court in August 2017. He argued that carjacking was not a crime of violence under § 924(c)(3)(A)'s use-of-force clause because it did not have as an element the use, attempted use, or threatened use of physical force against the person or property of another. He also argued that conspiracy to commit carjacking did not qualify as a crime of violence. Finally, he asserted that the risk-of-force clause under § 924(c) was unconstitutional.

The district court denied Craig's § 2255 motion. The district court determined that the indictment and jury instructions made clear that Craig's § 924(c) conviction in case number 98-cr-00158 was based on his carjacking conviction, not conspiracy to commit carjacking. Moreover, Craig's argument that

4

his carjacking conviction was not a crime of violence under the use-of-force clause of § 924(c)(3)(A) was foreclosed by this Court's decision in *In re Smith*, 829 F.3d 1276, 1280 (11th Cir. 2016).  Nevertheless, based on the dissenting opinion in *In re Smith*, the district court concluded that the issue of whether carjacking constituted a crime of violence was debatable among jurists of reason, and thus the district court granted Craig a certificate of appealability on that issue.  This appeal followed.

## II.    **DISCUSSION**

Craig argues that carjacking does not qualify as a crime of violence under § 924(c)(3) because (1) carjacking does not meet the requirements of § 924(c)(3)(A)'s use-of-force clause[1] and (2) *Johnson* invalidated § 924(c)(3)(B)'s risk-of-force clause.

We review the legal issues pertaining to a § 2255 proceeding *de novo* and factual findings for clear error.  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).  The Supreme Court's decision in *Johnson* did not address the statute under which Craig was convicted.  *Johnson* instead addressed the ACCA, which provides that a person who violates 18 U.S.C. § 922(g) and has three prior convictions for a violent felony or serious drug offense is subject to a 15-year

---

[1]  Craig's argument that carjacking does not qualify as a crime of violence under § 924(c)(3)(A)'s use-of-force clause is arguably untimely under § 2255(f), as this claim is not premised on the newly recognized right established by the Supreme Court in *Johnson*.

5

mandatory minimum sentence.  18 U.S.C. § 924(e)(1).  The statute defines the term violent felony as any crime that carries an imprisonment sentence of more than one year that:

> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).  "The first prong of this definition is referred to as the 'elements clause,' while the second prong contains the 'enumerated crimes' and, finally, what is commonly called the 'residual clause.'"  *United States v. Ovalles*, -- F.3d --, case no. 17-10172, manuscript op. at 11 (11th Cir. June 30, 2017).  In *Johnson*, the Supreme Court struck down the residual clause as unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2563.

The present case involves Craig's conviction under 18 U.S.C. § 924(c).  A person violates § 924(c) by using or carrying a firearm during and in relation to, or by possessing a firearm in furtherance of, a drug trafficking crime or a crime of violence.  18 U.S.C. § 924(c)(1)(A).  The sentence imposed under § 924(c) must be served consecutively to any other sentence imposed.  *Id.* § 924(c)(1)(A), (c)(1)(D)(ii).

For purposes of § 924(c), the term crime of violence is defined as any felony offense that:

6

> A)  has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The former clause is often referred to as the "use-of-force" clause or the "elements clause" and the latter clause is referred to as "risk-of-force" clause.  *Ovalles*, manuscript op. at 12 (explaining that although the latter clause is often referred to as the residual clause, the name "risk-of-force" clause is more appropriate); *In re Smith*, 829 F.3d 1276, 1279–80 (11th Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1339 (11th Cir. 2016).

We recently held that the Supreme Court's void-for-vagueness ruling in *Johnson* does not invalidate § 924(c)(3)(B)'s risk-of-force clause.  *Ovalles*, manuscript op. at 17.  In doing so, we joined the Second, Sixth, and Eighth Circuits, all of which have held that *Johnson* does not apply to § 924(c)(3)(B).  *Id.* at 17, 20.  We agreed with the reasoning of those courts that the "significant differences" between the ACCA's residual clause and the risk-of-force clause under § 924(c)(3)(B) make § 924(c)'s crime-of-violence definition more narrow than the definition of violent felony under the ACCA.  *See Ovalles*, manuscript op. at 13–14, 17 (quoting *United States v. Taylor*, 814 F.3d 340, 376–77 (6th Cir. 2016)).  We also agreed that unlike § 924(c), where courts are generally tasked with "considering contemporaneous predicate federal crimes, often charged in the

7

same federal indictment," the ACCA requires federal courts to consider a defendant's prior crimes, which are often unrelated to, and remote from, the instant § 922(g) firearm offense. *Id.* at 14–15.

We also emphasized the functional differences between § 924(c) and the ACCA, explaining that the ACCA is a recidivist sentencing enhancement and does not require a nexus between the § 922(g) firearm offense and the predicate violent felony. *Id.* Section 924(c), in contrast, requires a nexus between the § 924(c) firearm offense and the predicate crime of violence. *Id.* at 17–18. Further, section 924(c) has not presented the same interpretative difficulties as the ACCA's residual clause because: (1) section 924(c)'s requirement that the "use" of "physical force" be used against the person or property of another in the course of committing the offense is focused on whether the defendant himself uses force while committing the offense, rather than on whether the defendant's actions may produce a potential risk of physical injury; (2) section 924(c)'s requirement that the risk occur while the defendant is committing the offense places a temporal restriction on the potential scope of the risk; and (3) section 924(c)(3)(B) does not contain the list of enumerated crimes that preceded the ACCA's residual clause and therefore does not require courts to figure out the amount of risk necessary to meet the statute. *Id.* at 18–20.

As an initial matter, the district court did not err by concluding that carjacking was the companion conviction underlying Craig's § 924(c) conviction in case number 98-cr-00158.[2]  The indictment clearly states that the crime of violence underlying Craig's § 924(c) conviction was robbery of an automobile, in violation of 18 U.S.C. § 2119.  Therefore, the district court properly determined that Craig's § 924(c) conviction was based on carjacking.

Further, Craig's argument that *Johnson* invalidated § 924(c)(3)(B)'s risk-of-force clause is foreclosed by our decision in *Ovalles*.  Craig's sole argument pertaining to the risk-of-force clause is that it is unconstitutionally vague.  He has not challenged whether his carjacking conviction qualifies as a crime of violence under that clause.  Because *Johnson* does not render § 924(c)(3)(B)'s risk-of-force clause unconstitutionally vague, the district court did not err by denying Craig's § 2255 motion.  *See Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) ("We may affirm on any ground supported by the record." (quotations omitted)).

But regardless, even if *Johnson* did invalidate § 924(c)(3)(B)'s risk-of-force clause, we would nevertheless affirm the district court's denial of Craig's § 2255 motion because his carjacking conviction qualifies as a crime of violence under

---

[2]  Only Craig's § 924(c) conviction in case number 98-cr-00158 is at issue here.  In granting Craig's application to file a second or successive § 2255 motion, we explained that it was clear that his § 924(c) convictions in case number 98-cr-00099 were based on his carjacking convictions.

9

§ 924(c)(3)(A)'s use-of-force clause. *See Ovalles*, manuscript op. at 22–26 (upholding the denial of prisoner's § 2255 motion on the independent and alternative ground that, even if *Johnson* invalidated the risk-of-force clause, attempted carjacking qualified as a crime of violence under § 924(c)(3)(A)'s use-of-force clause). A person commits the federal offense of carjacking when he, "with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so." 18 U.S.C. § 2119.

We have held that the offense of carjacking under § 2119 qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause.[3] Indeed, in *In re Smith*, a case involving an application for leave to file a second or successive § 2255 motion, we relied on our prior precedent in *United States v. Moore*, 43 F.3d 568 (11th Cir. 1995), to hold that carjacking under § 2119 qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *In re Smith*, 829 F.3d at 1280. In doing so, we explained that "an element requiring that one take or attempt to take by force and violence or by intimidation . . . satisfies the force clause of § 924(c), which requires the use, attempted use, or threatened use of physical

---

[3] We note that other circuits have similarly held that a conviction under the federal carjacking statute—18 U.S.C. § 2119—qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *See United States v. Jones*, 854 F.3d 737, 740–41 (5th Cir. 2017); *United States v. Evans*, 848 F.3d 242, 246–48 (4th Cir. 2017).

10

force." *Id.* Under the prior precedent rule, "we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court." *United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008) (quotations omitted).

Based on the foregoing discussion, the district court did not err by denying Craig's § 2255 motion.

**AFFIRMED.**