[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16217
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-00299-CB,
1:97-cr-00020-CB-C-1

DOMONICK BLAIR GRANT,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(August 2, 2017)

Before JULIE CARNES, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Domonick Grant, a federal prisoner who is represented by counsel, appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate. Grant asserts the district court erred in denying his motion and his 18 U.S.C. § 924(c) convictions should be vacated because (1) carjacking does not qualify as a "crime of violence" under § 924(c)'s force clause; and (2) § 924(c)'s residual clause is unconstitutionally vague in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015).[1] After review,[2] we affirm the district court.

A prisoner in federal custody may file a motion to vacate, set aside, or correct a sentence if he claims "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Relief under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury

---

[1] Grant also argues, for the first time on appeal, that his § 924(c) convictions based on aiding and abetting carjacking should be vacated because aiding and abetting carjacking does not satisfy § 924(c)'s force clause. Because Grant waived this argument by failing to raise it in the district court, and because our scope of review is limited to the issues indicated in the COA, we decline to consider this issue. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (stating appellate review in § 2255 proceedings is limited to the specific issues indicated in the COA); *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (stating we will not consider "an issue not raised in the district court and raised for the first time in an appeal" (quotation omitted)).

[2] We review legal conclusions *de novo* and findings of fact for clear error in a review of a denial of a § 2255 motion to vacate. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004).

2

that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (quotation omitted).

The federal carjacking statute provides that whoever "with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so," is guilty of a federal offense. *See* 18 U.S.C. § 2119.

A person receives an additional term of imprisonment if he, during and in relation to a crime of violence, uses a firearm, carries a firearm, or possesses a firearm in furtherance of any such crime. 18 U.S.C. § 924(c)(1)(A). The statute defines "'crime of violence'" as an offense that is a felony and either "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* at § 924(c)(3). The first option is often referred to as the "force clause," and the second option is often referred to as the "residual clause." *In re Smith*, 829 F.3d 1276, 1278-79 (11th Cir. 2016).

In *Smith*, an applicant seeking authorization to file a second or successive § 2255 motion challenged his § 924(c) convictions for using a firearm during a

crime of violence, which was § 2119 carjacking. *Id*. at 1277. The applicant argued the Supreme Court's decision in *Johnson* invalidated § 924(c)'s residual clause. *Id.* at 1279. We determined that, even assuming § 924(c)'s residual clause is unconstitutional in light of *Johnson*, the applicant's argument failed because the federal carjacking statute satisfies § 924(c)'s force clause. *Id.* at 1280-81. We relied on *United States v. Moore*, 43 F.3d 568, 572-73 (11th Cir. 1994), which held that the term "crime of violence" clearly included carjacking. *Smith*, 829 F.3d at 1280.

Grant's argument that carjacking is not a crime of violence under § 924(c)'s force clause is foreclosed by our opinion in *Smith*. Therefore, Grant's convictions under § 924(c) were proper because carjacking satisfies § 924(c)'s force clause, and the district court did not err in denying his § 2255 motion to vacate on this ground. As a result, we need not consider Grant's alternative argument that § 924(c)(3)(B)'s residual clause is unconstitutionally vague.

Accordingly, we affirm.

**AFFIRMED.**