[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16337
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-22405-JLK,
1:12-cr-20654-JLK-1

CARLOS MARCANO, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(November 8, 2017)

Before ED CARNES, Chief Judge, MARTIN, and ANDERSON, Circuit Judges.

PER CURIAM:

Carlos Marcano, Jr. appeals the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate his sentence and conviction.  In 2012 Marcano was

convicted of brandishing a firearm during a "crime of violence," in violation of 18 U.S.C. § 924(c). The crime was premised on Marcano's display of that weapon during a carjacking (which he was also convicted of). He contends that in light of the Supreme Court's decision in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), his carjacking conviction under 18 U.S.C. § 2119 no longer qualifies as a "crime of violence" under § 924(c).

## I.

In 2012 Marcano walked into an auto repair shop and requested to test drive a car. The seller agreed and accompanied him on the drive. After a few minutes Marcano abruptly stopped the car and told the seller he needed to call his mother. But instead of calling his mother, Marcano reached into his pocket, pulled out a gun, pointed it at the seller's face, and ordered him to get out of the car. The seller left and immediately called the police. Later that day police caught Marcano attempting to wipe the "for sale" markings off of the car's windows. Police found the gun and keys to the car in Marcano's pants pockets.

Marcano was indicted on two counts: carjacking, in violation of § 2119, and brandishing a firearm during a crime of violence, in violation of § 924(c)(1)(A)(ii). He pleaded guilty to both. The district court imposed a sentence of 1 day for the carjacking conviction and 84 months for the § 924(c) conviction, to be served consecutively. Marcano did not seek a direct appeal.

In June 2016 Marcano filed a 28 U.S.C. § 2255 motion, contending that his § 924(c) conviction is no longer valid, because carjacking no longer constitutes a "crime of violence" in light of the Supreme Court's decision in Johnson, 135 S. Ct. 2551. The district court denied Marcano's motion. It determined that carjacking was still a crime of violence under § 924(c)'s use-of-force clause even if Johnson applied to § 924(c)'s risk-of-force clause. The district court denied Marcano a certificate of appealability, but we granted him one on the issue of "[w]hether the District Court erred in concluding Mr. Marcano's conviction under 18 U.S.C. § 924(c), predicated on carjacking, was unaffected by the Supreme Court's ruling in [Johnson]."

## II.

In reviewing a district court's denial of a § 2255 motion, we review de novo its legal conclusions and its factual findings for clear error. Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014). We may affirm for any reason supported by the record, even if the district court did not rely on it, United States v. Al-Arian, 513 F.3d 1184, 1189 (11th Cir. 2008), though the scope of our "review is limited to the issues specified in the COA," Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009). Whether a particular offense is a "crime of violence" under § 924(c) is a question of law that we review de novo. United States v. McGuire, 706 F.3d 1333, 1336 (11th Cir. 2013).

3

Section 924(c) provides for a mandatory consecutive sentence of at least seven years for any defendant who brandishes a firearm during a crime of violence. 18 U.S.C. § 924(c)(1).  Under § 924(c), a "crime of violence" is a felony that:

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A), (B).  We have referred to the first prong of the definition as the "use-of-force" clause and the second prong as the "risk-of-force" clause.  Ovalles v. United States, 861 F.3d 1257, 1263 (11th Cir. 2017).

Marcano contends that his conviction and sentence under § 924(c) should be vacated because carjacking no longer qualifies as a "crime of violence."  He argues that based on the Supreme Court's decision in Johnson, § 924(c)'s risk-of-force clause is unconstitutionally vague.  He also argues that carjacking is not a "crime of violence" under the use-of-force clause because it can be committed by intimidation, which does not require the "use, attempted use, or threatened use of physical force."  18 U.S.C. § 924(c)(3)(A).

In Johnson, the Supreme Court held that the "residual clause" in the Armed Career Criminal Act's definition of "violent felony," was unconstitutionally vague. 135 S. Ct. at 2556.  That clause defined a "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another."

4

18 U.S.C. § 924(e)(2)(B)(ii).  The Court stated that the residual clause created uncertainty about how to evaluate the "potential risk of physical injury" posed by a prior criminal act and the amount of risk necessary to be "serious."  Johnson, 135 S. Ct. at 2557–58, 2563.  That defect rendered the residual clause unconstitutionally vague.  Id.  The Supreme Court later held in Welch v. United States that Johnson announced a new substantive rule that applied retroactively to cases on collateral review.  578 U.S. ___, 136 S. Ct. 1257, 1268 (2016).

We recently considered whether Johnson invalidates a conviction under § 924(c) predicated on carjacking in our Ovalles decision.  See 861 F.3d 1257.  We affirmed the denial of the petitioner's § 2255 motion to vacate her § 924(c) conviction and sentence for using and carrying a firearm during an attempted carjacking under § 2119.  Id. at 1269.  Although we noted that the language in § 924(e)'s residual clause and § 924(c)'s risk-of-force clause is similar, we determined that "Johnson does not apply to, or invalidate, the risk-of-force clause in § 924(c)(3)(B)."  Id. at 1266.  We explained that several material differences — textual and contextual — clarify the application of the risk-of-force clause, unlike the unpredictable and speculative determination that § 924(e)'s residual clause required.  Id. at 1263–67.  The risk-of-force clause in § 924(c) has a distinct purpose of punishing firearm use in connection with a specific crime rather than recidivism.  Id. at 1264.  Moreover, the determination of § 924(c) is much more

concrete than § 924(e) — § 924(c)'s risk-of-force clause is tailored to the risk presented by the <u>current</u> offense instead of looking back to an old crime. <u>Id.</u> at 1266. And the determination in § 924(c) is freed from the "confusing list of exemplar crimes" that plagued § 924(e)'s residual clause. <u>Id.</u>; <u>see also</u> <u>Johnson</u>, 135 S. Ct. at 2561 (noting that the residual clause was interpreted by comparing it to a "confusing list" of enumerated crimes that appears immediately before it in § 924(e)(2)(B)(ii), specifically burglary, arson, or extortion, or any crime involving the use of explosives). For those reasons, the risk-of-force clause of § 924(c) has not caused the same interpretive difficulties as the residual clause of § 924(e). <u>Ovalles</u>, 861 F.3d at 1266.

Based on the material differences between the two statutes, we concluded the risk-of-force clause of § 924(c) remains valid after <u>Johnson</u>. <u>Id.</u> at 1267. As a result, we held that attempted carjacking qualifies as a crime of violence under the risk-of-force clause. <u>Id.</u> We also held that as alternative and independent grounds for affirmance, attempted carjacking categorically qualifies as a crime of violence under the use-of-force clause of § 924(c)(3)(A) as well. <u>Id.</u>; <u>see also</u> <u>In re Smith</u>, 829 F.3d 1276, 1280–81 (11th Cir. 2016) (concluding in the successive § 2255 petition context that even if <u>Johnson</u> invalidated the risk-of-force clause, a § 2119 carjacking is still a crime of violence under § 924(c)'s use-of-force clause).

Although Marcano's crime involves a completed carjacking as opposed to an attempted one, his claims are identical to the petitioner's claims in Ovalles. Under the prior panel precedent rule, we are bound to follow the holding in Ovalles "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting en banc." In re Lambrix, 776 F.3d 789, 794 (11th Cir. 2015). Because that has not happened, we must apply Ovalles. As a result, Marcano's claims fail.[1] His § 924(c) conviction is still valid after Johnson, and the district court did not err by denying his § 2255 motion.

**AFFIRMED.**

---

[1] Marcano also argues that the Supreme Court's upcoming decision in Sessions v. Dimaya, U.S. No. 15-1498, argued Jan. 17, 2017, reargued Oct. 2, 2017, could bear on the validity of the risk-of-force clause because it concerns the identical language in 18 U.S.C. § 16(b). Again, as we explained in Ovalles, "the task in § 16(b) cases is not as precise and predictable as in § 924(c)(3)(B) cases." 861 F.3d at 1267. Section 16(b) involves a recidivist statute, requiring a judgment about a past conviction as opposed to a contemporaneous crime required by § 924(c). Id. And even if the Supreme Court's decision in Dimaya throws § 924(c)(3)(B) into question, it doesn't change the fact that Marcano's carjacking is still a crime of violence under § 924(c)(3)(A)'s use-of-force clause. Id. Our holding in Ovalles that a § 2119 carjacking is a crime of violence as defined by the use-of-force clause was alternative and independent of our determination that it was a crime of violence as defined by the risk-of-force clause. Id. Alternative holdings are just as binding as solitary ones. Kilgore v. Sec'y, Fla. Dept. of Corr., 805 F.3d 1301, 1315 (11th Cir. 2015). So it is unlikely that the Supreme Court's decision in Dimaya will affect this case.