[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13817
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-22802-RLR,
1:14-cr-20465-RLR-2


CARL LEE WILLIAMS,

                                                      Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

                                                      Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(October 26, 2018)

Before ED CARNES, Chief Judge, PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Carl Williams pleaded guilty to one count of carjacking resulting in serious bodily injury, in violation of 18 U.S.C. § 2119, and one count of carrying and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).  The following year he filed a 28 U.S.C. § 2255 motion claiming that his § 924(c) conviction must be vacated because federal carjacking does not qualify as a crime of violence.  The district court denied the motion and Williams now appeals.  We review the district court's legal conclusions de novo and its factual findings for clear error.  Rhode v. United States, 583 F.3d 1289, 1290 (11th Cir. 2009).

To qualify as a crime of violence under § 924(c), federal carjacking must fall under that provision's "use-of-force" clause or "risk-of-force" clause.  The use-of-force clause covers a felony that "has as an element the use, attempted use, or threatened use of physical force."  18 U.S.C. § 924(c)(3)(A).  And the risk-of-force clause covers a felony that, "by its nature, involves a substantial risk that physical force . . . may be used in the course of committing the offense."  Id. § 924(c)(3)(B).  Williams claims that federal carjacking does not fall under the use-of-force clause because a person can commit federal carjacking by using intimidation, and that the risk-of-force clause is unconstitutionally vague in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015).

2

Prior panel precedent forecloses both of Williams' arguments.  In <u>In re Smith</u>, 829 F.3d 1276, 1280–81 (11th Cir. 2016), this Court held that federal carjacking qualifies as a crime of violence under the use-of-force clause.  <u>See also</u> <u>Ovalles v. United States</u>, ___ F.3d ___, 2018 WL 4868740, at *3–4 (11th Cir. Oct. 9, 2018) (reaffirming that <u>In re Smith</u> was correctly decided).  And in <u>Ovalles v. United States</u>, ___ F.3d ___ , 2018 WL 4830079, at *17 (11th Cir. Oct. 4, 2018), this Court sitting en banc held that § 924(c)(3)(B)'s risk-of-force clause is not unconstitutionally vague in light of the Supreme Court's decisions in <u>Johnson</u> or <u>Sessions v. Dimaya</u>, 138 S. Ct. 1204 (2018).  We are bound to follow this precedent.  <u>United States v. Vega-Castillo</u>, 540 F.3d 1235, 1236 (11th Cir. 2008) ("Under the prior precedent rule, we are bound to follow a prior binding precedent unless and until it is overruled by this court en banc or by the Supreme Court.") (quotation marks omitted).

**AFFIRMED.**

3