[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-12573
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-00166-MHC-RGV-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PATRICK ANTONIO CEASAR,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 11, 2019)

Before WILSON, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Patrick Ceasar appeals his conviction and sentence for using a firearm during a crime of violence, carjacking, in violation of 18 U.S.C. § 924(c).  Because Ceasar's challenges are foreclosed by binding precedent, we affirm.

Ceasar pled guilty to one count of carjacking, in violation of 18 U.S.C. § 2119(2), and one count of using a firearm in relation to a crime of violence (the carjacking), in violation of 18 U.S.C. § 924(c).  Under § 924(c), a "crime of violence" is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(A)-(B).  The former definition is called the "elements clause" and the latter is known as the "residual clause."  *See Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (en banc).

Before sentencing, Ceasar filed a memorandum in which he objected to his conviction and sentence for the § 924(c) offense, arguing that the statute's residual clause was unconstitutionally vague in light of the Supreme Court's decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *Johnson v. United States*, 135 S. Ct. 2551 (2015).  He further argued that carjacking did not alternatively qualify as a crime of violence within the meaning of § 924(c)'s elements clause.  Although Ceasar acknowledged that this Court held otherwise in *In re Smith*, 829 F.3d 1276

2

(11th Cir. 2016), he argued that *In re Smith* was wrongly decided.  The district court overruled Ceasar's objections, reasoning that regardless of the constitutionality of § 924(c)'s residual clause, *In re Smith* was binding precedent as to the elements clause.  The court sentenced Ceasar to a total of 141 months' imprisonment.  This is Ceasar's appeal.

Ceasar renews his arguments on appeal, contending that § 924(c)'s residual clause is unconstitutionally vague and that his carjacking offense does not alternatively qualify as a crime of violence under § 924(c)'s elements clause.  The Supreme Court recently granted certiorari to determine the constitutionality of § 924(c)'s residual clause.  *See United States v. Davis*, No. 18-431, 2019 WL 98544 (Jan. 4, 2019); *but see Ovalles*, 905 F.3d at 1234 (holding that the residual clause is not unconstitutionally vague and applying a conduct-based approach to that definition of "crime of violence").  As he acknowledges, however, this Court is bound by *In re Smith* to conclude that a carjacking conviction under 18 U.S.C. § 2119 qualifies as a crime of violence under § 924(c)'s elements clause.  *See United States v. St. Hubert*, 909 F.3d 335, 345-46 (11th Cir. 2018) (holding that published orders on requests for authorization to file a second or successive § 2255 motion, like *Smith*, are binding outside the second or successive context); *United States v. Brown*, 342 F.3d 1245, 1246 (11th Cir. 2003) (explaining that a prior panel precedent binds subsequent panels unless or until it is overruled or

undermined to the point of abrogation by this Court sitting en banc or by the Supreme Court).  We therefore must conclude, as the district court did, that Ceasar's § 924(c) conviction and sentence, predicated on his carjacking conviction, are valid notwithstanding any remaining questions regarding the constitutionality of § 924(c)'s residual clause.

For these reasons, we affirm Ceasar's convictions and sentence.

**AFFIRMED.**