[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12441
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20811-RNS-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ERNESTO RODRIGUEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 27, 2020)

Before ROSENBAUM, NEWSOM, and HULL, Circuit Judges.

PER CURIAM:

After pleading guilty, Ernesto Rodriguez was convicted of carjacking, in

violation of 18 U.S.C. § 2119, and of brandishing a firearm in furtherance of a crime

of violence, that is, carjacking, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  He now appeals the § 924(c) conviction, arguing that federal carjacking does not qualify as a predicate crime of violence.  The government, asserting that this argument is foreclosed by circuit precedent, moves for summary affirmance.[1]  We grant the government's motion.

Summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous."  *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[2]; *see also Brown v. United States*, 942 F.3d 1069, 1076 n.6 (11th Cir. 2019).

Section 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during the commission of a drug-trafficking crime or a crime of violence.  18 U.S.C. § 924(c)(1)(A).  Section § 924(c) goes on to define "crime of violence" as a felony offense that

(A)    has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

---

[1] The government does not seek to enforce the appeal waiver in Rodriguez's plea agreement, so we do not address Rodriguez's argument that the appeal waiver is unenforceable.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981.

*Id.* § 924(c)(3).  Section 924(c)(3)(A) is often referred to as the elements clause, while § 924(c)(3)(B) is often referred to as the residual clause.  *In re Smith*, 829 F.3d 1276, 1278–79 (11th Cir. 2016).  Recently, the Supreme Court invalidated the residual clause as unconstitutionally vague.  *United States v. Davis*, 588 U.S. ___, 139 S. Ct. 2319, 2336 (2019).  That decision did not affect the elements clause.  *See Steiner v. United States*, 940 F.3d 1282, 1285 (11th Cir. 2019).

As Rodriguez concedes, we have held that carjacking under § 2119 qualifies as a crime of violence under § 924(c)'s elements clause.[3]  *In re Smith*, 829 F.3d at 1280–81; *United States v. Moore*, 43 F.3d 568 (11th Cir. 1994); *see also Ovalles v. United States*, 905 F.3d 1300, 1304 (11th Cir. 2018) ("*Moore* and *In re Smith* correctly held that a § 2119 carjacking offense categorically qualifies under § 924(c)(3)(A)'s elements clause."), *abrogated on other grounds by Davis*, 139 S. Ct. 2319.  As we have explained, "an element requiring that one take or attempt to take by force and violence or by intimidation, which is what the federal carjacking

---

[3] Other circuits similarly have held that carjacking qualifies under § 924(c)(3)(A)'s elements clause.  *See United States v. Jackson*, 918 F.3d 467, 484-86 (6th Cir. 2019) (holding federal carjacking under § 2119 categorically qualifies as a crime of violence under § 924(c)(3)(A)'s elements clause); *United States v. Cruz-Rivera*, 904 F.3d 63, 65-66 (1st Cir. 2018), *cert. denied*, 139 S. Ct. 1391 (2019); *United States v. Gutierrez*, 876 F.3d 1254, 1255-57 (9th Cir. 2017), *cert. denied*, 138 S. Ct. 1602 (2018); *United States v. Jones*, 854 F.3d 737, 740-41 & n.2 (5th Cir.), *cert. denied*, 138 S. Ct. 242 (2017); *United States v. Evans*, 848 F.3d 242, 246-48 (4th Cir.), *cert. denied*, 137 S. Ct. 2253 (2017).

3

statute does, satisfies the [elements] clause of § 924(c), which requires the use, attempted use, or threatened use of physical force." *In re Smith*, 829 F.3d at 1280.

Rodriguez believes that our prior precedent is wrong because, in his view, "intimidation" does not require the use or threatened use of physical force. But we are bound by that precedent, *see United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) ("[A] prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."), which is unaffected by *Davis*. In *In re Smith*, we held that carjacking qualified under the elements clause even after assuming that the residual clause was invalid. 829 F.3d at 1280–81. So *Davis*'s subsequent determination that the residual clause is invalid, as we had assumed, in no way affects that holding. *See Steiner*, 940 F.3d at 1285.

Because the government's position is clearly right as a matter of law, we **GRANT** its motion for summary affirmance. *See Groendyke Transp.*, 406 F.2d at 1162. Its motion to stay the briefing schedule is **DENIED AS MOOT**.