[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14503
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00144-KD-N-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CALVIN L. HARRIS,

Defendant - Appellant.
_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 25, 2020)

Before MARTIN, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Calvin Harris appeals his convictions for conspiracy to carjack, carjacking, brandishing a firearm during a crime of violence, conspiracy to kidnap, and kidnapping.  Harris advances two arguments on appeal.  First, he says the district court abused its discretion by not further investigating the jury's exposure to extrinsic information.  Second, he says his conviction for brandishing a firearm during a carjacking in violation of 18 U.S.C. § 924(c) is unconstitutional.  After careful review, we affirm the district court order and affirm Harris's § 924 conviction.

## I.

Harris was first tried in February 2018 for charges related to a kidnapping and carjacking.  That trial ended in a mistrial because the jury failed to reach a unanimous verdict.  The second trial occurred just one month later.  This time the jury found Harris guilty of conspiracy to carjack, carjacking, brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), conspiracy to kidnap, and kidnapping.  The crime of violence for the § 924(c) charge was identified as "carjacking."  Neither the indictment nor the verdict form indicated that Harris was convicted under the residual clause of § 924(c).  The government presented the same evidence against Harris in both trials, relying largely on the testimony of his co-defendant.

After the second trial, the government informed Harris that it received

2

information from a juror's co-worker who said the juror told him that several members of the jury saw Harris in a parking lot near the courthouse writing down the tag numbers of the jurors' automobiles. Harris moved for a new trial on the basis that the jury may have relied on this extrinsic information in deciding his case. He noted that the jury deliberation ended soon after this incident. The district court then questioned the juror whose co-worker had informed the government about this incident. The juror said she overheard other jurors discussing how they had seen Harris wandering the parking lot and speculating whether he would be able to identify them from their license plate numbers. The juror said that no one saw Harris write anything down. The juror indicated that only a few people could have overheard this discussion. Based on this inquiry the district court found that the jury had not been exposed to extrinsic information.

Harris appealed the district court's denial of his motion for a new trial. This Court determined that the district court "clearly erred in finding that no exposure occurred" and remanded, directing the district court to "apply the presumption of prejudice" and determine whether the government met its burden to show that the exposure was harmless. We noted that on remand, the district court would be able to conduct a fuller investigation into the exposure that occurred "if in its discretion it believes further evidence is necessary."

3

The district court determined that no further investigation was necessary because it already had the information it needed about the nature of the extrinsic evidence. The district court also found that the government's case against Harris was not "very strong" because it relied primarily on the credibility of Harris's co-defendant. Nonetheless, the district court determined that the extrinsic evidence "was so inconsequential" that it was harmless.

Harris timely appealed.

## II.

Harris argues that the district court erred by finding that the jury's exposure to extrinsic evidence was harmless. We review such a determination for abuse of discretion. United States v. Siegelman, 640 F.3d 1159, 1182 (11th Cir. 2011) (per curiam). When determining whether the district court abused its discretion in finding extrinsic evidence harmless, this Court looks to "(1) the nature of the extrinsic evidence; (2) the manner in which it reached the jury; (3) the factual findings in the district court and the manner of the court's inquiry into the juror issues; and, (4) the strength of the government's case." Id.

The district court did not abuse its discretion. The extrinsic information amounted to nothing more than seeing Harris outside of the courtroom. This information reached the jury by way of their own observation and conversation. The district court inquired into the incident by speaking with the juror who shared

4

this experience with her co-worker.  Nobody contacted the jurors with any messages or directives about Harris.  See United States v. Khanani, 502 F.3d 1281, 1291 (11th Cir. 2007) (district court did not abuse its discretion where extrinsic evidence was merely juror's own observation of defendant's behavior and where no one "contacted [juror] with any message or directive").  While the government's case against Harris may not have been overwhelming, the district court did not abuse its discretion by finding that the extrinsic information was so inconsequential as to be harmless.  See Siegelman, 640 F.3d at 1182.

Harris maintains that the district court should have interviewed the full jury or at least the jurors who allegedly saw Harris in the parking lot.  Harris suggests that the district court needed more information "as to the extent of the external information" and whether it scared the jurors.  But interviewing additional jurors would not have shed any more light on what happened.  And jurors are not permitted to testify about "the effect of anything" on their vote or "any juror's mental processes concerning the verdict or indictment."  Fed. R. Evid. 606(b)(1).  Thus the district court was constrained in any inquiry into whether this incident caused the jury to render its verdict based on the jurors' fear of Harris.

### III.

Separately, Harris argues that his conviction of possessing a firearm in furtherance of a crime of violence, in violation of § 924(c), is unconstitutional.

Harris relies on the Supreme Court's decision in <u>Davis</u> which held that the residual clause of 18 U.S.C. § 924(c) was unconstitutionally vague.  <u>United States v. Davis</u>, 588 U.S. ___, 139 S. Ct. 2319, 2323–24 (2019).  We review <u>de novo</u> whether an offense is a "crime of violence" under 18 U.S.C. § 924(c).  <u>United States v. Bates</u>, 960 F.3d 1278, 1285 (11th Cir. 2020).[1]

Although <u>Davis</u> invalidated the residual clause, § 924(c)(3)(B), it left intact the elements clause, § 924(c)(3)(A), which defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A); <u>see</u> <u>Davis</u>, 139 S. Ct. at 2323–24.  Here, Harris was charged with the use of a firearm in relation to a carjacking in violation of 18 U.S.C. § 2119.

This Court has held that carjacking in violation of 18 U.S.C. § 2119 is a crime of violence under the elements clause.  <u>In re Smith</u>, 829 F.3d 1276, 1280–81 (11th Cir. 2016) (per curiam).  Thus, Harris's conviction under § 924(c) meets the definition of "crime of violence" set out in the elements clause of the statute and is not affected by the Supreme Court's decision in <u>Davis</u>.  Harris offers no evidence

---

[1] The government points out that Harris only raised his challenge to his § 924(c) conviction for the first time on appeal, a scenario that would ordinarily cause us to review the district court's finding under a plain error standard.  <u>See</u> <u>United States v. Wright</u>, 607 F.3d 708, 715 (11th Cir. 2010).  This Court has suggested that a challenge to whether an offense is a crime of violence under § 924(c) is a challenge to the district court's jurisdiction which should be reviewed <u>de novo</u>.  <u>See</u> <u>United States v. St. Hubert</u>, 909 F.3d 335, 340, 344, 346 n.6 (11th Cir. 2018), <u>abrogated on other grounds by</u> <u>Davis</u>, 139 S. Ct. at 2323.  But we need not decide which standard applies here because Harris's challenge to his § 924(c) conviction fails under either.

that he was convicted specifically under the residual clause nor does he argue that

the elements clause is itself unconstitutional.  His § 924(c) conviction is therefore

constitutional.

   **AFFIRMED.**